735 A.2d 1256

**Ingrid Viive TORK–HIIS and Lembit Andres Tork, Executors of the Estate of Inge Ilme Tork and Ingrid Viive–Hiis and Lembit Andres Tork, Executors of the Estate of Andres Tork,**

v.

**COMMONWEALTH of Pennsylvania, John Doe I and John Doe II,**

**Appeal of Commonwealth of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued April 27, 1999.

Decided Aug. 18, 1999.

Reargument Denied Oct. 14, 1999.

D. Michael Fisher, Attorney General, Calvin R. Koons, Sr. Deputy Attorney General, John G. Knorr, III, Chief Deputy Attorney General, Gerald J. Pappert, 1st Deputy Attorney General, Office of Attorney General, for Com.

Howard A. Rothenberg, Clarks Summit, Stephen G. Bresset, for Ingrid Viive Tork-Hiis, et al.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*OPINION OF THE COURT*

FLAHERTY, Chief Justice.

This is an appeal by allowance from an en banc judgment of the commonwealth court, which reversed the judgment of the trial court and expressly overruled its own precedent. The issue is whether a complaint against the Commonwealth of Pennsylvania in a tort action for damages may be amended to substitute a commonwealth agency or employee after the statute of limitations has run.

Inge and Andres Tork arrived at Promised Land State Park and signed out in the park log before going cross-country skiing on January 25, 1994. They did not return to sign back in and were not noticed missing until February 2, 1994, when park employees realized that the Torks' vehicle had been left in the parking lot. A search was conducted and the Torks were found dead in the park. Appellees Ingrid Viive Tork–Hiis and Lembit Tork, the executors of the decedents' estates, commenced this action by writ of summons against appellant Commonwealth of Pennsylvania, John Doe I and John Doe II on January 20, 1995.

Appellees served discovery requests seeking reports and witness statements, among other things, on August 21, 1996, to which appellant replied on September 9, 1996. Appellant

then obtained a rule to file complaint and appellees filed their complaint on November 18, 1996, still naming the same parties as defendants. The complaint presented wrongful death and survival actions based upon appellant's alleged failure to post and maintain the park's ski trails properly; to review the logbook in order to discover any overdue skiers; to investigate the decedents' vehicle; and to ascertain the decedents' whereabouts promptly. Appellant filed a preliminary objection in the nature of a demurrer on December 17, 1996. Appellant argued that it was not a proper party because the commonwealth is statutorily immune from such suits and that the statute of limitations precluded amendment of the complaint.

The trial court, relying on Commonwealth Court precedent and statutory language, determined that the commonwealth and a commonwealth agency are separate and distinct entities, and that only commonwealth agencies may be sued in cases such as this. The court further determined that the failure to name a commonwealth agency is not a mere technical error and that the complaint may not be amended after the statute of limitations has run, as the addition of a new party would be prejudicial to that party. The court found appellees' claim that they were unable to determine which agency they should sue to be incredible, particularly in light of the affidavit of appellees' paralegal who was assigned this matter. She testified that over the course of more than two years she recalled making a total of four telephone calls on unspecified dates, to unspecified persons at various state agencies and was unsuccessful in her efforts to determine the proper agency to sue.[1] The trial court sustained appellant's preliminary objection and dismissed the complaint.

1. The trial court noted its incredulity at the fact that over the course of more than two years appellees were unable to discern which commonwealth agency controlled, operated, or maintained Promised Land State Park. The court listed a series of readily available resources containing this information. Moreover, it took this court only a matter of minutes to locate the Department of Conservation and Natural Resources web site (complete with a directory containing addresses and phone numbers for the department's executive offices and the office of the department's chief counsel) utilizing a commercial internet search engine.

Appellees filed a timely appeal with the commonwealth court. An en banc panel of the court, relying on a Superior Court decision, reversed the trial court with two judges dissenting. Expressly overruling previous Commonwealth Court cases, the court held that the addition of a commonwealth agency was a mere correction of the caption and was permissible, even after the statute of limitations had expired, so long as the same assets were exposed to judgment before and after the amendment. We disagree.

The Constitution of Pennsylvania provides that the commonwealth and its agents may only be sued in the manner, in the courts, and in cases specified by the general assembly. Pa. Const. art. 1 § 11. The general assembly has specified that the commonwealth and its agents remain immune from suit except when immunity is specifically waived. 42 Pa.C.S. § 8522. "When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials ... shall be brought only [as provided by] Title 42 ... unless otherwise specifically authorized by statute." 1 Pa.C.S. § 2310. The general assembly has waived sovereign immunity for commonwealth parties in limited cases. 42 Pa.C.S. § 8522. The general assembly has defined a commonwealth party as a "Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501.

This court has further determined that sovereign immunity does not apply to "governmental entities other than the commonwealth itself," and that government entities may not avoid suit simply due to their governmental nature. *Specter v. Commonwealth*, 462 Pa. 474, 341 A.2d 481, 482 (1975). Implicit in this premise is the distinction between the commonwealth and its numerous subdivisions. Appellees in this case have named the commonwealth, to which the legislature has not waived sovereign immunity, and have failed to name an appropriate commonwealth party as to which immunity has been waived. Amending their complaint to substitute a commonwealth party for the commonwealth amounts to the addition of

a new party and not merely the correction of a captioned party name.

■ Pa.R.C.P. 1033 allows parties to correct the name of a party at any time either with the consent of the adverse party or by leave of court. *See Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983). However, an amendment to a pleading that adds a new and distinct party once the statute of limitations has expired is not permitted. *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971). In this case, the commonwealth court attempts to circumvent this rule by relying on *Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning,* 366 Pa.Super. 430, 531 A.2d 494 (1987).

In *Jacob's,* the superior court allowed Jacobs to amend his pleading after the statute of limitations had run because the other party would not be prejudiced; permitting an amendment allowing the substitution of an individual, Fred P. Jacobs, for Jacobs Heating and Air Conditioning was not the addition of a new party where there was no change of assets subject to liability. 531 A.2d at 496. That court held that amendments to correct a party's name should be allowed as long as the assets at risk to satisfy a judgment remain the same. *Id.*

■ This court addressed a similar issue in *Powell v. Sutliff,* 410 Pa. 436, 189 A.2d 864 (1963). In *Powell,* we held that a motion to amend a complaint is permissible so long as "the proposed amendment merely seeks to correct the designation of [a] business entity" and would not impose liability on a new and distinct party. *Id.* at 865. We also stated in dicta that since the assets subject to liability would not be enlarged the amendment should be permitted. *Id.* However, whether the asset pool is enlarged or diminished is not the controlling factor. As we noted in *Powell,* the test is "whether the right party was sued but under a wrong designation—in which event the amendment was permissible—or whether a wrong party was sued and the amendment was designed to substitute another and distinct party." *Id.* (citing *Gozdonovic v. Pleas-*

*ant Hills Realty Co.,* 357 Pa. 23, 53 A.2d 73 (1947) (citations omitted)).

■ Instantly, the commonwealth court ignores several distinctions between both *Jacob's* and *Powell* and the present case. The most obvious, and perhaps most important distinction, is that both *Jacob's* and *Powell* involved two private parties, neither of whom was the subject of sovereign immunity. The present case involves the commonwealth, which is constitutionally and legislatively immune from suit. The supposed sameness of assets at risk would not be sufficient reason to disregard the constitutional and legislative imperatives. If this were the case, then an aggrieved party in a suit involving a commonwealth agency would merely need to name the immune commonwealth or an unascertained John Doe party and not be concerned with determining the correct party to sue even after the statute of limitations had run. The aggrieved party's counsel would be under no compulsion to act with due diligence in determining the correct party, regardless of the fact that the correct party would have neither notice of the suit nor repose from it.

Additionally, the party substitutions in both *Jacob's* and *Powell* constituted, for all practical purposes, one and the same legal entity in each case. The same cannot be said for the commonwealth and any of its agencies. In the present case the appellants sued the wrong party and now seek to amend their complaint to substitute another and distinct party. Finally, in *Jacob's,* the plaintiff was allowed to amend his complaint and change the plaintiff's name in the caption. The defendant's name never changed and the defendant was given proper notice of a suit in which the same pool of defendant's assets was subject to liability regardless of the amendment of the plaintiff's caption. In *Powell,* the plaintiff merely sought to change the description of the defendant "already made a party to the proceedings." *Powell* at 865.

In the present case, the plaintiff seeks to name a new defendant, one whose assets, although ultimately arising from the same tax base, are not congruent with those of the

commonwealth, and one that was not a party to the proceedings. The department asset pool consists of funds specifically allocated for the department's use, while the asset pool of the commonwealth would necessarily encompass the specifically allocated funds of all departments. While the amount of compensation sought is the same regardless of the source (the commonwealth or its agency), the assets of the commonwealth are not the same as the assets of any of its agencies.

The commonwealth court erred when it held that the addition of a commonwealth agency was permissible as a mere correction of the caption. The commonwealth and its agencies are distinct legal entities; the substitution of one for the other amounts to the addition of a new party and is impermissible after the statute of limitations expires.

Judgment reversed.