**Raymond E. COSSELL, Appellant,**

v.

**CONNELLSVILLE TOWNSHIP BOARD OF SUPERVISORS.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 2000.
Decided March 8, 2000.

John S. Cupp, Jr., Uniontown, for appellant.

Gretchen A. Mundorff, Connellsville, for appellee.

Before KELLEY, J., FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Court of Common Pleas of Fayette County (trial court) erred in granting the motion of the Connellsville Township Board of Supervisors (Board) to quash the appeal of Raymond E. Cossell (Cossell). We hold that Cossell's appeal of the Board's decision of September 10, 1999 was timely even though initially the Board was not named in the caption. Thus, we reverse the decision of the trial court.

The relevant facts of this case are as follows. On January 25, 1998, Cossell filed a petition for a change in zoning with the Board. On February 18, 1998, the Board had a public hearing to hear testimony and argument on the petition. On September 10, 1998, at a regularly scheduled Board meeting, the Board voted and denied Cossell's petition. In a letter dated September 11, 1998, the Board's solicitor gave notice of the denial to Cossell.

On October 9, 1998, Cossell filed an appeal of the Board's decision with the trial court. The caption of the appeal named the defendant as the "Connellsville Township Zoning Board" instead of the "Connellsville Township Board of Supervisors." However, the Board is specifically named in paragraphs two and three of the appeal and the appeal was served at the Board's correct address by certified mail on October 10, 1998. The Board then forwarded the appeal to the Connellsville Township Zoning Hearing Board, which is an entity separate and apart from the Board. The solicitor for the Connellsville Township

Zoning Hearing Board forwarded the appeal to the Fayette County Prothonotary advising the Prothonotary that the Zoning Hearing Board was not the correct party in the appeal.

On November 30, 1998, counsel for Cossell filed a petition to amend the caption of a petition for appeal. On December 3, 1998, the trial court issued an order correcting the caption of the appeal. On December 16, 1998, Cossell filed the amended appeal. In response to the amended appeal, the Board filed both an answer and a motion to quash with the trial court. On July 6, 1999, the trial court granted the Board's motion to quash holding that the appeal was untimely. Cossell then filed an appeal of the trial court's order with this Court.

■ On appeal to this Court,[1] Cossell argues that the trial court erred in quashing his appeal of the Board's decision because the appeal was taken in good faith and within the time prescribed by law and he should have been given permission to amend the defect in the original appeal because there was no prejudice to the Board. We agree.

■ It is first noted that this Court disagrees with the opinion of the trial court. The trial court held that since the Board did not take any action or issue a decision after the hearing was held on February 18, 1998, Cossell's request for a zoning change was deemed denied on the 46th day after the hearing in accordance with Sections 916.1(c)(7) and 916.1(f)(2) of the Pennsylvania Municipalities Planning Code (Code).[2] Section 916.1(c)(7) provides:

If the governing body or the zoning board, as the case may be, fails to act on

---

1. Where the trial court takes no additional evidence following a decision by the Board, our review is limited to a determination of whether the Board committed an abuse of discretion or an error of law. *Society Created to Reduce Urban Blight v. Zoning Board of Adjustment of the City of Philadelphia,* 729

A.2d 117 (Pa.Cmwlth.1999). Moreover, a decision to grant or deny a motion to quash an appeal is a question of law and, therefore, within this Court's scope of review. *Id.*

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

the landowner's request within the time limits referred to in paragraph (6), a denial of the request is deemed to have occurred on the 46th day after the close of the last hearing.

53 P.S. § 10916.1(c)(7).

However, in the case at bar, we believe that the Board's solicitor waived the 45–day limit for the Board to reach a decision on Cossell's petition. At the February 18, 1998 hearing, the Board's solicitor stated as follows:

If there is no other testimony, if no one else wishes to be heard, we will conclude the testimony in this matter. As directed by the Supervisors when I receive a copy of the transcript, I will take the excerpt dealing only with the request for recusal and send that to the State Ethics Commission requesting an ethics opinion regarding who may or may not decide this case. Once we receive that together with the Fayette County Office of Planning and Community Development written recommendation regarding this matter, the Supervisors will meet and deliberate and decide this issue and render a decision. . . .

At the hearing, all parties agreed that the above statement would be the correct course of action. Based on these statements, we hold that Cossell's petition was not deemed denied although the Board did not act on the petition within 45 days of the February 18, 1998 hearing. *See, Appeal of Sweigart,* 117 Pa.Cmwlth. 84, 544 A.2d 74 (1988) (curative amendment to zoning ordinance enacted by town council was not invalid on basis that it had been "deemed denied" although council rendered its decision beyond 30–day time limitation set forth in statute; town solicitor at hearing on amendment twice mentioned that report would be made to council within 45 days, and no other party present at hearing objected to extension of time).

The last hearing on Cossell's petition was held on September 10, 1998, when the Board voted on the petition and issued a final decision. On September 11, 1998, the Board's solicitor mailed a copy of the decision to Cossell, which stated, in part:

WHEREAS, the Board of Supervisors of Connellsville Township, after due consideration and after the aforementioned public hearing of February 18, 1998 at a regular meeting of September 10, 1998 voted that the subject Petition, a Request for Change of Zoning from "R–2" and "M–1" be denied.

It is this vote and decision that Cossell wished to appeal. Pursuant to Sections 914.1(b) and 1002–A of the Code, all appeals from determinations adverse to landowners shall be filed by landowners within thirty (30) days after the notice of the determination is issued.

■ Therefore, the issue is whether Cossell's appeal of the Board decision was filed within thirty (30) days after notice of the determination was issued. The Board voted on Cossell's petition on September 10, 1998, and sent the notice of the determination to him on September 11, 1998. Within thirty (30) days of receiving that determination, on October 9, 1998, Cossell filed an "Appeal from Decision of the Zoning Hearing Board" with the trial court. Although the appeal named the "Connellsville Township Zoning Board" as the defendant instead of the "Connellsville Township Board of Supervisors", the Board was named in the body of the appeal. The appeal provides in part:

2. That the Defendant/Appellee CONNELLSVILLE TOWNSHIP ZONING BOARD, is a municipal entity coextensive with the Connellsville Township Supervisors, the governing body of Connellsville Township, a second class township having its offices in Connellsville, Pennsylvania.

3. That on September 10, 1998 the Connellsville Township Supervisors, acting as the Zoning Board, entered a resolution denying the application of the Plaintiff/Appellant, see exhibit A.

In *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983), our Supreme Court held that if an amendment constitutes a simple correcting of the name of a party, it should be allowed. But, if the amendment in effect adds a new party, it should be prohibited. *Id.; see also Powell v. Sutliff,* 410 Pa. 436, 189 A.2d 864 (1963) (plaintiff, who brought suit against a business entity mistakenly thought to be a partnership, was entitled after statute of limitations had run to amend complaint to change designation of business entity from a partnership to a corporation).

In the case at bar we believe that the amendment to the appeal was a simple correction of the name on the caption. There is no question from reading the appeal that was filed on October 9, 1998, that Cossell was appealing the September 10, 1998 vote and decision of the Board. Also, the appeal was only served on the Board at the Board's normal place of business. Thus, the Board had timely notice of the appeal.

There is no entity called the "Connellsville Township Zoning Board," the name that was placed in the caption.[3] Cossell had to know which entity he was appealing from, he just mistakenly believed that the Board was called the "Connellsville Township Zoning Board" when it dealt with issues of zoning. We do not believe given all the facts of this case that Cossell's procedural error was prejudicial to the Board or should deny him the right ·to appeal the Board's decision.

Thus, notwithstanding the error in the caption, we hold that Cossell timely preserved his right to appeal. Accordingly, the order of the trial court is reversed.

### *ORDER*

AND NOW, this 8th day of March, 2000, the order of the Court of Common Pleas of

---

**3.** There is a Connellsville Township Zoning *Hearing* Board, which is a separate entity and

Fayette County in the above-captioned matter is hereby reversed.