**Bernice GLOVER, Appellant,**

v.

**SEPTA, City of Philadelphia and Commonwealth of Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 2001.

Decided Feb. 8, 2002.

Reargument Denied April 8, 2002.

---

Theodore C. Forrence, Jr., Philadelphia, for appellant.

Howard G. Hopkirk, Harrisburg, for appellee.

Before McGINLEY, Judge, FRIEDMAN, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY JUDGE FRIEDMAN.

Bernice Glover (Glover) appeals from two orders of the Court of Common Pleas of Philadelphia County (trial court): a March 20, 2001 order denying her Motion for Leave of Court to File an Amended Complaint (Motion to Amend); and a March 27, 2001 order granting the Commonwealth of Pennsylvania's (Commonwealth) Motion for Judgment on the Pleadings. We affirm both orders.

On November 6, 2000, Glover commenced a civil action by filing a complaint. In the complaint, Glover alleges that, on November 11, 1998, while disembarking from a Southeastern Pennsylvania Transportation Authority (SEPTA) bus, she sustained injuries when she fell as a result of uneven asphalt near the corner of Allegheny Avenue and Broad Street in Philadel-

phia. (Complaint ¶¶ 5–9; R.R. at 10a.) The caption of the complaint included the "Commonwealth of Pennsylvania Attorney General's Office" as one of the defendants; SEPTA and the City of Philadelphia (City) were also named as defendants.[1] Although not listed in the caption, Glover specifically describes the Commonwealth, Department of Transportation (DOT) as a defendant in the body of the complaint.[2] (R.R. at 8a–10a.) Count IV of the complaint entitled "Plaintiff, Bernice Glover v. Defendant, Commonwealth of Pennsylvania" is the only count that is directed toward the Commonwealth; however, nowhere in this count does Glover refer to DOT by name. (R.R. at 14a–15a.) In fact, count IV is identical to count III of the complaint, in which Glover asserts her claims against the City. (*See* R.R. at 13a–15a.)

On November 22, 2000, Glover's complaint was served upon both the Commonwealth and DOT. (R.R. at 3a.) John J. Calabro, Esquire, entered his appearance on behalf of the Commonwealth, (R.R. at 3a), and, subsequently, the Commonwealth filed an answer and new matter. (R.R. at 17a–27a.) In answer to the paragraphs of the complaint relating to DOT, the Commonwealth stated that those paragraphs are addressed to a non-party, and, accordingly, no response is required. (Answer, ¶¶ 4 and 6; R.R. at 17a–18a.) No one entered an appearance on DOT's behalf, nor did DOT file an answer to the complaint.

On January 8, 2001, the Commonwealth filed a Motion for Judgment on the Pleadings, arguing that the Commonwealth is immune from suit. As to DOT, which does not share the Commonwealth's immunity, the Commonwealth asserted Glover had failed to include the agency in her suit. The Commonwealth reasoned that it was irrelevant that Glover named the commonwealth agency in the body of her complaint because the caption, not the body, controls. (O.R.)

■ On January 17, 2001, after the two-year statute of limitations on her action expired, Glover filed her Motion to Amend. (R.R. at 31a–33a; *see* R.R. at 4a.) In her Motion to Amend, Glover explained that the Commonwealth apparently took the position that DOT is not a party to the litigation. Glover contended that the

1. Based on a stipulation by the parties, on April 20, 2001, the trial court entered an order discontinuing without prejudice Glover's claims against SEPTA and the City. (R.R. at 5a.) On June 26, 2001, the trial court entered judgment on that order. Consequently, the orders at issue here then became final, appealable orders.

2. The complaint states, in pertinent part:
    4. Defendant, Commonwealth of Pennsylvania, Department of Transportation, (hereinafter referred to as defendant, "[DOT]") is an agency of the Commonwealth with offices located at 1400 Spring Garden Street, Philadelphia, Pennsylvania, and at all times relevant hereto regularly conducted business in the City and County of Philadelphia.
    . . . .
    6. At all times relevant hereto, defendant, [DOT], had under its exclusive custody, care and control, through its agents, servants, workmen and/or employees, all Commonwealth highways including Allegheny Avenue located in Philadelphia, Pennsylvania. Included in its exclusive custody, care and control of the aforesaid highway was proper operations, maintenance, inspection, design, modification and general highway safety.
    . . . .
    7.[sic] On or about Novembe [sic] 11, 1998 and for a long period of time prior thereto, there existed a dangerous and defective condition on Allegheny Avenue near Broad Street in the form of raised uneven asphalt with no warnings or barriers, which was created by the defendant, City of Philadelphia and/or defendant, [DOT].
    (Complaint, ¶¶ 5–7; R.R. at 9a–10a.)

Commonwealth's error was due to the fact that the caption mistakenly identifies the responsible entity as "Commonwealth of Pennsylvania Attorney General's Office."[3] (Motion to Amend, ¶5; R.R. at 33a.) Asserting that DOT is a party because it is named in the body of the complaint and was properly served, (Motion to Amend, ¶6; R.R. at 33a), Glover sought leave of court to file an amended complaint "so as to resolve the dispute, to correct the caption, and to cause [DOT] to enter its appearance and defend the lawsuit." (Motion to Amend, ¶7; R.R. at 33a.) By order dated March 20, 2001, the trial court denied Glover's Motion to Amend. (R.R. at 64a.)

By order dated March 27, 2001, the trial court granted the Commonwealth's Motion for Judgment on the Pleadings based on immunity. (Trial court op. at 2.) In its opinion, the trial court noted that Glover brought no suit against DOT, dismissing Glover's argument that she properly named DOT as a defendant in the body of

her complaint. The trial court concluded that the caption, not the body, of the complaint is controlling. (Trial court op. at 2–3.) Regarding the trial court's denial of Glover's Motion to Amend, the trial court held that, because the Commonwealth and DOT are distinct legal entities, the substitution of one for the other would equate to adding a new party, which is prohibited after the statute of limitations expires. (Trial court op. at 4.)

Glover now appeals from both of the trial court's orders.[4] Before this court, Glover argues that where a complaint names the Commonwealth as a defendant in the caption but names a commonwealth agency as a defendant in the body, the plaintiff may amend the complaint, even after the statute of limitations has expired, and substitute that commonwealth agency for the Commonwealth. More specifically, Glover contends that when the name of a party varies between the caption and the body of a complaint, the body of the complaint controls.[5]

3. We note that the Commonwealth filed its answer to Glover's complaint after the statute of limitations expired. This is of no import with regard to Glover's Motion to Amend, however. "Responsibility for suit against the proper defendant rests upon the plaintiff and[,] [in the absence of discovery directed to such issues,] the defendant is under no duty to inform plaintiff whom he [or she] should sue." *Taylor v. Humble Oil & Refining Company*, 225 Pa.Super. 177, 311 A.2d 324, 325 (1973).

4. When reviewing a trial court's decision to grant a motion for judgment on the pleadings, this court's scope of review is plenary. *North Sewickley Township v. LaValle*, 786 A.2d 325 (Pa.Cmwlth.2001). This court must confine its consideration to the pleadings filed, accepting as true all well pled statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed. *Id.* Further, this court will sustain the trial court's grant of judgment on the pleadings only where the movant's right to succeed is

certain and the case is so free from doubt that trial would be a fruitless exercise. *Id.*

This court's scope of review of the trial court's denial of Glover's Motion to Amend is limited to determining whether the trial court made an error of law or abused its discretion. *See E.O.J., Inc. v. Tax Claim Bureau of Schuylkill County*, 780 A.2d 814 (Pa.Cmwlth. 2001).

5. In support of her position, Glover relies on the cases of *Estate of Gasbarini v. Medical Center of Beaver County, Inc., Rochester Division*, 487 Pa. 266, 409 A.2d 343 (1979) and *Cossell v. Connellsville Township Board of Supervisors*, 747 A.2d 977 (Pa.Cmwlth.2000). However, those cases are distinguishable from the case before us.

In *Gasbarini*, our supreme court permitted a widow to amend the caption of her complaint so that the action could be brought in her name as administratrix of her husband's estate where her appointment as administratrix had occurred after the expiration of the statute of limitations. That case, however,

■ Pa. R.C.P. No. 1033 permits parties to correct the name of a party or amend their pleadings at any time either by filed consent of the adverse party or by leave of court. Amendments should be permitted liberally unless the amendment will prejudice the opposing party or is against a positive rule of law.[6] *City of Philadelphia v. Spencer,* 139 Pa.Cmwlth. 574, 591 A.2d 5 (1991). It is a well-settled rule of law that an amendment that results in the addition of a new party after the statute of limitations expires is prohibited. *Tork-Hiis v. Commonwealth,* 558 Pa. 170, 735 A.2d 1256 (1999).

■ As Glover recognizes, our supreme court has held that the Commonwealth and a commonwealth agency are distinct entities.[7] *Id.* Therefore, amending a complaint to substitute a commonwealth agency for the Commonwealth amounts to

adding a new party, not merely correcting the caption. *Id.*

Nevertheless, Glover argues that because DOT is already a "party" to the lawsuit, she is not attempting to substitute one party for another or to add a new party. In support of her position, Glover points out that section 102 of the Judicial Code defines party as "A person who commences or *against whom relief is sought in a matter.* ...." 42 Pa.C.S. § 102 (emphasis added). Because the body of her complaint specifically seeks relief against DOT, Glover argues that DOT is a party to this lawsuit. Accordingly, Glover contends that she is merely correcting the caption and is not introducing a new party. We do not agree.

■ The express language of Pennsylvania Rules of Civil Procedure numbers

---

involved private parties, not commonwealth agencies. Additionally, the amendment was sought not to substitute one defendant for another, but to correct the *name* of the *plaintiff,* which originally was identified as the "estate," by amending it to the widow's name after she was made the personal representative of the estate. Moreover, unlike *Gasbarini,* where the identity of the plaintiff as administratrix was known only after the statute of limitations expired, here, DOT was always intended as the defendant.

In *Cossell,* the appellant filed an appeal of a zoning board decision and named as the appellee the "Connellsville Township Zoning Board" (Zoning Board) instead of the "Connellsville Township Board of Supervisors" (Board of Supervisors). The appeal provided that the Zoning Board "is a municipal entity coextensive with" the Board of Supervisors and that the Board of Supervisors, "acting as the Zoning Board," entered a resolution denying appellant's application. *Cossell,* 747 A.2d at 979. This court permitted an amendment, holding that this was a case of a mistake and that the amendment to the appeal was a simple *correction of the name.*

*Cossell* also is distinguishable from the present case. *Cossell* involved a zoning appeal. Zoning matters are somewhat unique

in that, in an appeal from a zoning board's decision, the adjudicator becomes the defendant/appellee. Thus, in *Cossell,* we noted that appellant knew from which *entity* he was appealing but mistakenly believed it was called the Zoning Board when it dealt with zoning issues. That is the appellant "sued" the right entity but under the wrong name. Importantly, unlike the case before us, *Cossell* did not involve two separate and distinct entities, only one of which enjoys sovereign immunity.

6. Because the statute of limitations has expired here, prejudice is not relevant. *Cf. Vetenshtein ex rel. Vetenshtein v. City of Philadelphia,* 755 A.2d 62 (Pa.Cmwlth.) (stating that prejudice is not part of the analysis to determine whether a claim is time barred by the statute of limitations), *appeal denied,* 564 Pa. 713, 764 A.2d 1071 (2000). Nevertheless, we note that, by their nature, statutes of limitations are a legislative declaration that, if suit were brought after a certain time period had lapsed, the defendant would be placed at an unfair advantage. 2 Standard Pa. Practice § 13:1 (1994).

7. This distinction is critical in litigation because the Commonwealth enjoys sovereign immunity while, in limited cases, commonwealth agencies are not immune. *Tork Hiis.*

1018 and 2102(a)(2) dictate the result here.[8] Pa. R.C.P. No. 1018 provides, "The *caption* of a complaint *shall* set forth the form of the action and the *names of all the parties.* . . . ." Pa. R.C.P. No. 1018 (emphases added). Pa. R.C.P. No. 2102(a)(2) sets forth the style of action and specifically provides, "An action against a Commonwealth agency or party shall be styled in the following manner: Plaintiff v. ' (Name of Agency or Party) of the Commonwealth of Pennsylvania.' " Pa. R.C.P. No. 2102(a)(2). Interestingly, we note that Pa. R.C.P. No. 2102 was amended by adding subsection (a)(2) specifically for the purposes of alerting practitioners to the distinction between the Commonwealth and a commonwealth agency and of notifying practitioners that it is a commonwealth agency, and not the Commonwealth, that must be named in an action. Pa. R.C.P. No. 2102(a)(2) and explanatory comment. Therefore, we conclude that Glover's reference to DOT in the body of her complaint is insufficient to make it a party to the action. *See Spencer v. Pavlik*, 139 Pa. Cmwlth. 427, 590 A.2d 1342, *appeal denied*, 529 Pa. 628, 600 A.2d 543 (1991).[9]

8. The rules of civil procedure were drafted to provide uniformity and to place all litigants on equal footing. *See* Pa. R.C.P. No. 128(b) (stating that the rules of civil procedure are intended to be effective and certain). Here, Glover seeks a reinterpretation of the rules solely for her advantage. While we recognize that our rules of civil procedure permit liberal amendment of the pleadings, Pa. R.C.P. No. 126, amendments must not be allowed so liberally as to redraft the rules. *See Hoare v. Bell Telephone Company of Pennsylvania*, 509 Pa. 57, 500 A.2d 1112 (1985).

9. In *Spencer*, one of the original defendants filed a joinder complaint against the Commonwealth demanding indemnity or contribution. Although the caption of the joinder complaint named the "Commonwealth of Pennsylvania" as the party, there was a paragraph in the complaint stating that the legislature had imposed upon DOT the duty to construct, improve, maintain and repair highways within the Commonwealth; additionally, the ad damnum clause stated that the additional defendant, DOT, was liable. This court noted, however, that the paragraph of the complaint that set forth the claim of negligent conduct stated it was the negligence of the Commonwealth, not some act of DOT. Additionally, this court noted that DOT was not involved in the case since its inception, noting that the attorney of record filed his appearance on behalf of the Commonwealth only. Finally, noting that Pa. R.C.P. No. 1018 requires the caption of a complaint to set forth the names of all the parties, this court held that the reference to a separate and distinct party in the body of a pleading or an ad damnum clause is, as a matter of law, insufficient to make that party a participant in the action.

Similarly, here, a paragraph of Glover's complaint stated that DOT had under its exclusive custody, care and control all Commonwealth highways and was responsible for the operations, maintenance, inspection, design modification and general safety of such highways. However, the relevant count of the complaint is directed only to the Commonwealth and nowhere in that count does it specifically name DOT. Additionally, as in *Spencer*, here, the attorney of record filed his appearance on behalf of the Commonwealth only.

This court overruled *Spencer* in our decision of *Tork–Hiis v. Commonwealth*, 714 A.2d 518 (Pa.Cmwlth.1998), *rev'd* 558 Pa. 170, 735 A.2d 1256 (1999). However, as a result of the supreme court's reversal of our *Tork–Hiis* decision, *Spencer* is still good law to the extent that it stands for the proposition that the mere reference to a distinct party in the body of a pleading is insufficient to permit an amendment to the complaint.

In *Tork–Hiis*, we held that the only consideration in deciding whether to permit the plaintiff to change the captioned name from the Commonwealth to the appropriate commonwealth agency was whether that agency had the same assets as the Commonwealth. However, on appeal, our supreme court reversed, holding that the Commonwealth is a separate and distinct entity from any of its agencies. In so holding, the supreme court emphasized that the assets of the Commonwealth are not the same as the assets of any of its agencies, stating,

the plaintiff seeks to name a new defendant, one whose assets, although ultimately aris-

Accordingly, Glover cannot amend the caption of her complaint after the statute of limitations has expired to substitute the commonwealth agency of DOT for the Commonwealth. We affirm.

### ORDER

AND NOW, this 8th day of February, 2002, the orders of the Court of Common Pleas of Philadelphia County, dated March 20, 2001 and March 27, 2001, are hereby affirmed.

---

ing from the same tax base, are not congruent with those of the commonwealth, and one that was not a party to the proceedings. The department asset pool consists of funds specifically allocated for the department's use, while the asset pool of the commonwealth would necessarily encompass the specifically allocated funds of all departments.

*Tork–Hiis*, 558 Pa. at 176–77, 735 A.2d at 1259. Of additional significance was the fact that the Commonwealth is constitutionally and legislatively immune from suit.