987 A.2d 146

**Linda PIEHL and William Piehl, husband and wife**

v.

**CITY OF PHILADELPHIA and Commonwealth of Pennsylvania,**

**Appeal of: Commonwealth of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 2008.

Decided Dec. 28, 2009.

660

Howard Greeley Hopkirk, John G. Knorr, PA Office of Attorney General, Calvin R. Koons, Harrisburg, for Commonwealth of Pennsylvania.

Kwame Owusu Agyeman, City of Philadelphia Law Department, for City of Philadelphia.

Christine Godwin Pierce, Todd M. Berk, Philadelphia, for Linda and William Piehl.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

## *OPINION*

Justice BAER.

We granted allowance of appeal in this case to determine whether the Commonwealth Court erred by reversing the trial court and concluding that it should have permitted the Appellees, Linda and William Piehl (hereinafter "Piehls"), plaintiffs below, to amend the caption to their complaint alleging negligence against the City of Philadelphia and the Commonwealth of Pennsylvania after the statute of limitations had expired to include the Department of Transportation where, in the caption, the complaint named only the Commonwealth of Pennsylvania generally as a defendant, but where, in the body of the complaint, the Department of Transportation (hereinafter "DOT") was named as a defendant. For the reasons that follow, we conclude that the Commonwealth Court properly allowed Piehls to amend the caption to their complaint to include DOT as a defendant in the case.

The facts are as follows. On March 8, 2005, Piehls commenced the present action by filing a complaint in the Court of Common Pleas of Philadelphia County. The caption of the complaint named the City of Philadelphia and the Commonwealth of Pennsylvania as defendants.[1] Next to the Commonwealth of Pennsylvania, in the caption, Piehls indicated its address as follows: "1400 Spring Garden Street, Philadelphia, PA 19130." The body of the complaint, in paragraph 4, indicated as follows:

1. Defendant, City of Philadelphia was dismissed as a party to the case by stipulation and agreement of the parties and is not a participant in the current appeal to our Court.

4. Defendant, Department of Transportation of the Commonwealth of Pennsylvania, (hereinafter referred to as "Defendant Commonwealth") is a governmental agency with a principal place of business at 1400 Spring Garden Street, Philadelphia, PA 19130.

March, 8, 2005 Complaint at ¶ 4. In keeping with this noted shorthand for DOT, the body of the complaint referred to DOT throughout as "Defendant Commonwealth." Specifically, the complaint thereafter alleged that Mrs. Piehl suffered an injury in the form of two broken ankles on March 13, 2003, when she slipped and fell while disembarking from a SEPTA bus near the corner of Allegheny and Aramingo Avenue in Philadelphia as a result of stepping onto a large uneven portion of the roadway. The complaint further alleged that the incident occurred because of the improper design, construction, deterioration and defects in the area where it appeared that repairs to the roadway had been initiated but never completed. Thus, according to the complaint, the fall and resulting injuries were the result of the negligence of "the Defendants City and Commonwealth" because of their failure to maintain the area in a safe condition. As is relevant here, the complaint was served on both the Department of Transportation and the Office of the Attorney General.[2]

On March 22, 2005, after the March 13, 2005 statute of limitations expired for Piehls' tort action and despite the fact that the Office of the Attorney General is charged with representing Commonwealth agencies such as DOT pursuant to 71 P.S. § 732–204(c), the Office of the Attorney General filed an answer and new matter to the complaint solely on behalf of the Commonwealth.[3] In the answer, regarding the

2. In this regard, the Commonwealth Court noted that Section 8523(b) of the Judicial Code, 42 Pa.C.S. § 8523(b), requires that service of process, in an action against the Commonwealth, "be made at the principal or local office of the Commonwealth agency that is being sued and at the office of the Attorney General." *Piehl v. City of Philadelphia,* 930 A.2d 607, 609 n. 2 (Pa.Cmwlth.2007). The court further noted that the parties, at oral argument before the court, agreed that Appellants served their complaint with both DOT and the Office of the Attorney General. *Id.*

3. 71 P.S. § 732–204(c), provides in relevant part:

referenced defendants, the Attorney General indicated "admitted" to the reference to the City of Philadelphia as a defendant in paragraph 3. Regarding paragraph 4 of the complaint naming DOT as a defendant, the Attorney General indicated that the allegations in this paragraph of the complaint "constitute conclusions of law to which no pleading is required ..." and "to the extent that portions of this paragraph could be construed as factual allegations, [ ] strict proof thereof is [ ] demanded at the time of trial." March 22, 2005 Answer at ¶ 4. The balance of the answer denied the substantive allegations regarding negligence set forth in the complaint that were addressed to DOT, referred to throughout the complaint as the "Defendant Commonwealth." In new matter, the Attorney General alleged, *inter alia,* that the Commonwealth, as a sovereign entity, was immune from suit pursuant to 1 Pa.C.S. § 2310.[4]

Thereafter, on April 20, 2005, the Attorney General filed "Defendant Commonwealth of Pennsylvania's Motion for Judgment on the Pleadings," asserting that it was entitled to judgment in its favor based upon sovereign immunity as specified in 1 Pa.C.S. § 2310. The Attorney General recognized that the body of the complaint named DOT, a Commonwealth agency as a defendant, but noted that the caption only named the Commonwealth of Pennsylvania.[5] Thus, it asserted

(c) Civil litigation; collection of debts.—The Attorney General shall represent the Commonwealth and all Commonwealth agencies....

4.  1 Pa.C.S. § 2310 provides:
    Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

5.  The significance of the need to name DOT, a Commonwealth agency, in the suit is that while the Commonwealth itself continues to enjoy

that only the caption to a complaint is relevant in determining the parties to the lawsuit and because the caption named only the Commonwealth of Pennsylvania, judgment in its favor was warranted, as it was immune from liability.

In their response and memorandum of law in opposition to the Attorney General's motion for judgment on the pleadings, Piehls noted that their intent was to sue DOT, a Commonwealth agency, as indicated in the body of their complaint, and that the omission of DOT in the caption, and the inclusion, instead, of the Commonwealth of Pennsylvania, was an inadvertent clerical error. Further, Piehls pointed out that the Attorney General, in its answer to the complaint, did not specifically deny the allegation in paragraph 4 of the complaint naming DOT as a defendant, therefore, they claimed this allegation was deemed admitted pursuant to Pa.R.C.P. No. 1029(b) (providing that averments to which a responsive pleading is required are deemed admitted when not denied specifically).[6] Thus, Piehls maintained that DOT, who was served with the complaint along with the Attorney General, was put on notice of the claims against it and was not prejudiced by the inadvertent typographical error of naming only the Commonwealth of Pennsylvania in the caption. Finally, citing to our case of *Bata v. Central–Penn National Bank of Philadelphia,* 448 Pa. 355, 293 A.2d 343 (1972), Piehls noted that where a defect in a party's pleading can be cured by amendment, a motion for judgment on the pleading should be denied and the amendment should be permitted. Thus, in addition to seeking the trial court's dismissal of the Attorney General's motion for judgment on the pleadings, Piehls requested that they be

sovereign immunity pursuant to 1 Pa.C.S. § 2310, cited above, the legislature, in specific circumstances, has waived sovereign immunity as a bar to actions against "Commonwealth parties." 42 Pa.C.S. § 8522(a). Pursuant to 42 Pa.C.S. § 8501, a "Commonwealth party" is a "Commonwealth agency and any employee thereof."

6. As noted previously, the Attorney General, in response to paragraph 4 of the complaint indicated that it constituted a conclusion of law to which no pleading is required and that, to the extent that portions of this paragraph could be construed as a factual allegation, strict proof was demanded.

permitted to amend the caption of their complaint to include DOT.

The trial court, by order dated May 23, 2005, granted the Attorney General's motion for judgment on the pleadings and dismissed Piehls' complaint. In its 1925(a) opinion in support of its decision, the trial court concluded that the Commonwealth of Pennsylvania, sued by Piehls as set forth in the caption to their complaint, was immune from suit and, therefore, judgment in its favor was warranted. The court declined to address whether amendment of the caption was appropriate as it did not view such issue as encompassed within the Commonwealth's motion for judgment on the pleadings. In this regard, however, the court stated that it could not infer Piehls' intentions regarding who should have been sued, rather, the court concluded that the suit was against the Commonwealth, as specified in the caption, and that the Commonwealth was entitled to dismissal of the suit against it based upon immunity.

Piehls appealed to the Commonwealth Court, which reversed the trial court's decision. At the outset, the court noted that Pa.R.C.P. No. 1033 permits a party to correct the name of an adverse party or amend a pleading at any time either by consent of the adverse party or by leave of court.[7] The court noted that amendment, pursuant to this rule, is permitted even after the statute of limitations has run. *Piehl v. City of Philadelphia*, 930 A.2d 607, 611 (Pa.Cmwlth.2007). The court, likewise, acknowledged the well-settled principle that a new party may not be brought into an action after the statute of limitations has expired. *Id.* (citing *Cianchetti v. Kaylen*, 241 Pa.Super. 437, 361 A.2d 842 (1976)). In looking at these two competing principles, the court noted that the test

7. Pa.R.C.P. No. 1033 provides:
   A party either by filed consent of the adverse party or by leave of court, may at any time change the form of the action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

for determining whether amendment to correct the name of a party should be permitted is whether the right party was sued but under a wrong designation, or whether the wrong party was sued and the amendment was designed to substitute another distinct party. *Id.* (citing *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A.2d 73 (1947) (permitting a plaintiff to amend a complaint to change the description of an entity from a corporation to a partnership after the statute of limitations expired)).

Recognizing that many of the cases permitting amendment of pleadings after the statute of limitations has expired arose in cases where a party's business designation was sought to be changed,[8] the court turned to examining cases where amendment involved the Commonwealth and its agencies.

First, the court examined our prior decision in *Tork–Hiis v. Commonwealth*, 558 Pa. 170, 735 A.2d 1256 (1999). There, we held that plaintiffs, who initiated a wrongful death and survival action solely against the Commonwealth of Pennsylvania and two John Doe defendants, could not amend their complaint to include a Commonwealth agency after the statute of limitations period had run. We reasoned that because the plaintiffs only named the Commonwealth, to which the legislature has not waived sovereign immunity, and failed to name a specific Commonwealth party, to which immunity has been waived, the substitution of one for the other after the limitations period had expired would amount to the addition of a new party not merely the correction of a captioned party name.[9] Moreover, we found that permitting a plaintiff simply

8. The court referenced two of our prior decisions permitting post-statute of limitation amendments to the caption of a complaint to change the business designation of the defendant. *Piehl v. City of Philadelphia*, 930 A.2d 607, 611 n. 8 (Pa.Cmwlth.2007) (citing *Powell v. Sutliff*, 410 Pa. 436, 189 A.2d 864 (1963) (allowing a post-statute of limitations amendment of caption from partnership to corporation), and *Paulish v. Bakaitis*, 442 Pa. 434, 275 A.2d 318 (1971) (called into question on other grounds)(allowing a post-statute of limitation amendment to name a partnership rather than the successor corporation)).

9. Specifically, our Court rejected the Commonwealth Court's conclusion that the substitution of a Commonwealth agency for the Commonwealth was permissible after the limitations period expired so long as

to name the Commonwealth, as opposed to the discrete Commonwealth agency alleged to be at fault, would cause the Commonwealth significant hardship as a suing party "would be under no compulsion to act with due diligence in determining the correct party, regardless of the fact that the correct party would have neither notice of the suit nor repose from it." *Id.* at 1259.

The court then examined its own cases regarding amendment to pleadings where the Commonwealth is named and the plaintiff seeks to amend its pleadings after the statute of limitations has run to name a discrete Commonwealth agency. Specifically, the court considered its prior decision in *Glover v. SEPTA,* 794 A.2d 410 (Pa.Cmwlth.2002). There, the plaintiff filed a complaint alleging she sustained injuries while exiting a bus in Philadelphia. The caption of the complaint named "the Commonwealth of Pennsylvania Attorney General's Office", but did not include DOT. The body of the complaint did, on one occasion, refer to DOT as a defendant in the case. Nevertheless, the substantive allegations in the complaint did not name DOT specifically. The Attorney General, in answer to the complaint, replied that any references in the complaint made to DOT referred to a non-party and, therefore, no answer to these claims was required. Thus, the Attorney General sought dismissal of the Commonwealth on the grounds of sovereign immunity. The trial court, in *Glover,* granted the Commonwealth's motion and the Commonwealth Court affirmed.

The final case that the Commonwealth Court examined was its prior decision in *Hall v. Acme Markets, Inc.,* 110 Pa. Cmwlth. 199, 532 A.2d 894 (1987). In *Hall,* the court permitted a plaintiff to amend the caption to their complaint to include DOT after the statute of limitations expired where the caption only named the Commonwealth and Thomas Larsen, Secretary of Transportation. The court reasoned that amendment was permissible because the naming of the Secretary was sufficient to conclude that the Secretary's agency had

the same assets were exposed to judgment before and after the amendment.

been involved in the litigation from the moment the suit was filed. Therefore, the court concluded that the omission of DOT in the caption was a technical defect that could be corrected.

In examining these three cases, the Commonwealth Court concluded that this case was more like *Hall,* where it concluded that amendment of the caption after the statute of limitations had run was the correction of a technical defect rather than the addition of a new party. The court rejected the Commonwealth's assertions that *Glover* and *Tork–Hiis* governed the case and required a different outcome. Specifically, the court distinguished *Glover* and *Tork–Hiis,* noting, *inter alia,* that in *Glover,* there was a single reference to DOT in the body of the complaint and that in *Tork–Hiis,* there was no reference to any Commonwealth agency in either the caption or the body of the complaint. In contrast, here, DOT was named in the body of the complaint and continually referenced, by way of Piehls' defined term for DOT, "defendant Commonwealth", throughout the body of the complaint. Along these same lines, the court rejected the Commonwealth's argument that *Tork–Hiis* established a bright-line rule that the caption is the exclusive way to establish party status after the statute of limitations has run. Instead, the court concluded that where, as here, the correct party is sued (in this case by being referenced throughout the complaint) but under a wrong designation (here, by failing to name the agency of the Commonwealth in the caption), correction to the party name should be allowed. *Piehl,* 930 A.2d at 617. Accordingly, the court reversed the trial court and concluded that the amendment to the caption of the complaint requested by Piehls should have been permitted.

We granted the Commonwealth's petition for allowance of appeal to resolve the question of whether a complaint which names the Commonwealth as a defendant in the caption may be amended to substitute a Commonwealth agency as a party after the statute of limitations has run. The question before us is one of first impression factually as our Court has never determined whether the caption to a complaint may be amend-

ed to include a Commonwealth agency where only the Commonwealth was named in the caption, but where the agency was named throughout the body of the complaint and served with process.

In its appeal, as it did below, the Commonwealth advocates that only the caption to a complaint is relevant for purposes of determining whether a party has been sued and that the mention of a party in the body of the complaint is irrelevant. The Commonwealth relies upon Pa.R.C.P. No. 1018 which mandates that the "caption of a complaint shall set forth the form of the action and the names of all the parties." [10] Thus, the Commonwealth argues that where, as here, Piehls named only the Commonwealth in the caption, the fact that DOT was named in the body of the complaint is of no moment. In this regard and citing our decision in *Tork–Hiis,* the Commonwealth asserts that it and its various agencies, such as DOT, are distinct legal parties that are not interchangeable. Thus, the Commonwealth argues that Piehls' failure to include DOT, a discrete Commonwealth agency, in the caption to its complaint prior to the running of the statute of limitations was fatal, and the Commonwealth Court erred in permitting amendment at this stage, which unfairly resulted in allowing the addition of a new party to the lawsuit after the limitations period had expired.

Moreover, the Commonwealth argues that to permit amendment, as the Commonwealth Court did here, will lead to placing an undue burden on the Commonwealth by forcing it to investigate and decipher any complaint served upon it to determine whether any Commonwealth parties might be added as defendants in the future based upon information buried in the body of a complaint. Such a result is unwarranted and

10. Rule 1018, in its entirety, provides as follows:

Every pleading shall contain a caption setting forth the name of the court, the number of the action and the name of the pleading. The caption of a complaint shall set forth the form of the action and the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side in the complaint with an appropriate indication of other parties.

would suggest that litigants need not follow the rules of procedure when drafting a complaint.

Along these same lines, the Commonwealth advocates that this case is similar to another case we decided, *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965), where the plaintiff, who was hit by a car driven by Robert Cotoia, a minor, incorrectly named Anthony Cotoia, Robert's father as the defendant in her lawsuit. There, we concluded that the plaintiff could not amend her complaint after the statute of limitations to change the name of the defendant from Anthony to Robert, despite the fact that there were strong indications in the complaint that the plaintiff intended to sue Robert. For example, the caption of the complaint described the defendant as "a minor" and the negligence alleged was that of the operator of the vehicle, who was, in fact, Robert rather than Anthony. We concluded that to allow amendment in these circumstances would amount to bringing in a new and distinct party to the lawsuit after the limitations period has run.

In response to the Commonwealth's assertions, Piehls argue that the Commonwealth Court appropriately allowed amendment of the caption of their complaint to correct the technical defect of failing to name DOT in the caption where, as here, it named DOT throughout the body of its complaint, it served DOT with notice, and no prejudice resulted to the Commonwealth as the Commonwealth was aware, at the outset of the litigation, that DOT was a named defendant in the lawsuit. Piehls argue that the Commonwealth Court properly concluded that our decision in *Tork–Hiis* did not establish a bright-line rule that only the caption of the complaint is relevant when determining the parties to the lawsuit. Rather, Piehls argue that the Commonwealth Court appropriately determined that amendment was warranted under these circumstances because DOT was named in the body of the complaint as a defendant from the outset of the lawsuit and that amendment to include DOT in the caption after the statute of limitations expired was merely the correction of a technical defect.

■ The question before us involves whether the Commonwealth Court erroneously reversed the trial court's grant of the Commonwealth's motion for judgment on the pleadings. The standard by which a court reviews a request for judgment on the pleadings is limited. A motion for judgment on the pleadings will be granted only where, on the facts averred, the law says with certainty no recovery is possible. *American Appliance v. E.W. Real Estate Mgmt., Inc.,* 564 Pa. 473, 769 A.2d 444, 446 (2001). As this issue concerns a question of law, our review of the entry of judgment on the pleadings is *de novo. See id.; Stilp v. Commonwealth, General Assembly,* 974 A.2d 491, 500 (Pa.2009).

■ It is fundamental that a judgment on the pleadings should not be entered where there are unknown or disputed issues of fact. *North Star Coal Co. v. Waverly Oil Works Co.,* 447 Pa. 241, 288 A.2d 768 (1972). The court must treat the motion as if it were a preliminary objection in the nature of a demurrer. *Trost v. Clover,* 234 Pa.Super. 255, 338 A.2d 630 (1975). In conducting this inquiry, the court should confine its consideration to the pleadings and relevant documents. *SN, Inc. v. Long,* 208 Pa.Super. 38, 220 A.2d 357 (1966).

As noted earlier, the Commonwealth claims that judgment on the pleadings was appropriately granted by the trial court because the caption to Piehls' complaint did not include DOT and, according to the Commonwealth, only the caption is relevant for purposes of determining the parties to a lawsuit. We disagree.

While it is true that Pa.R.C.P. No. 1018 requires that, "[t]he caption of a complaint shall set forth the form of the action and the names of all the parties," Pa.R.C.P. No. 1033 states that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading."

■■ Amendment pursuant to Rule 1033, should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party. *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d

600, 602 (1983).[11]  The prejudice, "must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party." *MacGregor v. Mediq Inc.*, 395 Pa.Super. 221, 576 A.2d 1123, 1126 (1990).  Our Court has noted the following regarding amendment of the pleadings:

> All amendments [of pleadings] have this in common:  they are offered later in time than the pleading which they seek to amend.  If the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the time at which it is offered rather than by the substance of what is offered.  The possible prejudice, in other words, must stem from the fact that the new allegations are offered late rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed . . . .

*Bata v. Central–Penn Nat'l Bank of Philadelphia*, 448 Pa. 355, 293 A.2d 343, 357 (1972) (*quoting from* Fleming, James, Jr., Civil Procedure 158 (1965)).  A plaintiff may be prevented from amending a complaint once the statute of limitations has expired when such amendment would add a "new and distinct party" to the case.  *Tork–Hiis.*

As noted, the Commonwealth claims that the addition of DOT to the caption, amounted to the addition of a new and distinct party, just as in *Tork–Hiis,* and, therefore, the trial court's grant of its motion for judgment on the pleadings was appropriate.  In *Tork–Hiis,* as noted earlier, we concluded that a complaint naming only the Commonwealth could not be amended to include a discrete agency after the statute of limitations had expired.  We reasoned that the Common-

11.  Liberal amendment pursuant to Rule 1033 is in keeping with the general rule of procedure, Pa.R.C.P. No. 126, requiring that "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.  The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

wealth and its agencies are not one and the same, but rather constitute distinct and separate legal entities that are not interchangeable. Thus, an agency of the Commonwealth cannot be substituted into a lawsuit for the Commonwealth after the limitations period has run as this would result in the addition of a new party, which, in turn, would result in prejudice to the Commonwealth. Regarding prejudice, and in rejecting the lower court's conclusion that an agency of the Commonwealth could be substituted for the Commonwealth after the limitations period based on the fact that their money flows from the same asset pool, we noted,

[i]f this were the case, then an aggrieved party in a suit involving a commonwealth agency would merely need to name the immune commonwealth or an unascertained John Doe party and not be concerned with determining the correct party to sue even after the statute of limitations had run. The aggrieved party's counsel would be under no compulsion to act with due diligence in determining the correct party, regardless of the fact that the correct party would have neither notice of the suit nor repose from it.

*Tork–Hiis*, 735 A.2d at 1259.

Here, however, unlike the facts in *Tork–Hiis*, DOT, a discrete Commonwealth agency that does not enjoy the same sovereign immunity as the Commonwealth, was named throughout the body of the complaint and was served with process along with the Commonwealth. Moreover, we cannot conclude that prejudice will result to the Commonwealth if amendment is permitted because the Attorney General, who is charged with representing both the Commonwealth and DOT, was aware of DOT being named in the suit and served, but, rather than enter an appearance on behalf of DOT, chose to appear solely on behalf of the Commonwealth. In addition, the Attorney General sought to have the case dismissed on a non-substantive technical ground rather than on the merits of the claims against DOT. Likewise, the trial court, rather than considering Piehls' motion to amend its pleading to correct the technical error of failing to name DOT in the caption, also disregarded Piehls' request for amendment and, instead,

granted judgment on the pleadings. We conclude that the Commonwealth Court properly reversed the trial court in this regard as amendment should have been permitted where, as here, DOT was named throughout the body of the complaint, was served with process and where the entity charged with representing DOT was aware of its status as a defendant in the lawsuit.

As found by the Commonwealth Court, the facts of this case are distinguishable from *Tork–Hiis*, where the Commonwealth was the only defendant named in the lawsuit, in both the caption and the body of the complaint, and there was no way for the Commonwealth to determine which discrete Commonwealth agency, if any, the plaintiffs sought to sue. Thus, in *Tork–Hiis*, it was clear that the proper party was not sued and, therefore, amendment to permit the correct party to be added to the suit after the limitations period had run would not be appropriate. Here, it is equally clear that DOT, the correct party, was named at the outset of the lawsuit in the body of the complaint and that amendment to merely correct the technical defect of omitting DOT in the caption was appropriate.

Contrary to the Commonwealth's further argument that our decision in *Saracina* dictates that amendment should not have been permitted, we conclude that such decision is consistent and supportive of our decision in this case. There, as indicated previously, we denied the plaintiff's request to amend her complaint where she incorrectly named the owner of a vehicle, Anthony Cotoia, as the defendant in a lawsuit in which she sought damages from the driver of the vehicle, who was Anthony's son, Robert Cotoia. Despite the fact that it was fairly obvious that the plaintiff intended to sue Robert, we denied her request to amend after the statute of limitations had expired noting that to allow amendment would improperly permit the plaintiff to add a new and distinct party after the limitations period had expired. In this regard, we further noted that, because the right party was not brought into the suit from the outset as the result of service of process, a

change in the designated defendant could not be made. Specifically, we noted:

> If the *right party* was in court as the result of service of process and it was merely his or its designation which was sought to be changed, we would be prone to permit the amendment. However, in the case at bar service was made on "Anthony Cotoia the within named defendant, ... by handing a true and attested copy ... to his father an adult member of his household, at his place of resident [sic]...." The return in no way indicates that Robert Cotoia was properly served and is now before the Court.

*Saracina,* 208 A.2d at 766.

Here, unlike in *Saracina,* Piehls named DOT as a defendant throughout the body of the complaint and, more importantly, served DOT with process. Although DOT did not file an answer, as the Attorney General appeared only on behalf of the Commonwealth, Piehls, nevertheless, included DOT in the lawsuit from its inception. Thus, presumably, the right party was included in the suit from the outset based upon Piehls' inclusion of DOT in the body of the complaint and from having served DOT with process.

Under the liberal policy of permitting amendment to pleadings, and under the facts of this case, we conclude that the Commonwealth Court properly permitted Piehls to correct the technical defect of failing to name DOT in the caption to its complaint where it named DOT in the complaint and served DOT with process.

For the foregoing reasons, we affirm the order of the Commonwealth Court permitting Piehls to amend the caption to their complaint.

Chief Justice CASTILLE, Justices TODD, McCAFFERY and GREENSPAN join the opinion.

Justice SAYLOR files a dissenting opinion.

Justice EAKIN files a dissenting opinion.

Justice SAYLOR, dissenting.

I support Mr. Justice Eakin's position favoring a bright-line rule requiring parties to name an appropriate Commonwealth defendant or defendants in the caption of a complaint when pursuing actions for money damages against a sovereign entity. The Legislature has manifested its clear intent to protect the public fisc by providing for statutory sovereign immunity and crafting only targeted immunity exceptions relative to Commonwealth agencies, *see* 42 Pa.C.S. § 8522, and this Court has honored this intention by construing such exceptions narrowly. *See, e.g., Dean v. Commonwealth, Dep't of Transp.*, 561 Pa. 503, 508, 751 A.2d 1130, 1132 (2000). In the circumstances of this case, I agree with the majority that there is a fair likelihood that PennDOT was on actual notice of Appellees' intention to proceed against it. In this arena, however, I do not support the fashioning of an evaluative scheme of determining when a party who has failed to timely name a necessary Commonwealth defendant nevertheless can proceed against the sovereign.

Justice EAKIN, dissenting.

I would adopt the learned Judge Simpson's dissenting opinion from the Commonwealth Court's disposition of this matter. *See Piehl v. City of Philadelphia*, 930 A.2d 607 (Pa.Cmwlth. 2007) (Simpson, J., dissenting). The plaintiff has the burden of placing the proper party on notice it is being sued. *See* Pa.R.C.P. 1018 ("[t]he caption of a complaint shall set forth the form of the action and the names of all the parties. . . ."). Naming only the Commonwealth of Pennsylvania in the caption failed to put the Department of Transportation on notice it was the party actually being sued. The fact that the Department of Transportation was served does nothing to cure the plaintiffs' basic failing, as an entity should not be "required to dissect original process to determine if it may be a party." *Piehl*, at 618 (Simpson, J., dissenting). Accordingly, I respectfully dissent.