NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3930
_____

GREENWAY CENTER, INC.

v.

ESSEX INSURANCE COMPANY;
ANNETTE MAIONE,
Individually and as Administrator of the Estate of Mark Willet

Greenway Center, Inc.,
Annette Maione,

Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-04-cv-01143)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2011

Before:  FISHER, JORDAN and COWEN, *Circuit Judges*.

(Filed: April 21, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Greenway Center, Inc. ("GCI") and Annette Maione, individually and as administrator of the estate of Mark Willet, appeal the final order of the United States District Court for the Middle District of Pennsylvania providing that Essex Insurance Co. has no duty to defend and indemnify GCI in an underlying suit. For the reason discussed below, we will affirm.

I.

We write for the parties, who are familiar with the factual context and legal history of this appeal. Therefore, we will set forth only those facts necessary to our analysis.

Essex and GCI have been engaged in an insurance coverage dispute as a result of a 1997 incident. The dispute centers on whether Essex is required to provide insurance coverage to GCI due to a policy that it issued to Winco Acquisitions, Inc. ("Winco").

This case has been going on for a number of years. It has been in both state and federal courts, and this is the third time that it has been before us.

In 2008, the District Court determined that there was a *de facto* merger between Winco and GCI that resulted in GCI being a successor in interest to Winco and therefore entitled to the benefit of the insurance policy issued by Essex to Winco. *Greenway Center, Inc. v. Essex Ins. Co.* ("*Greenway Center I*"), 2008 WL 3165874, *5 (M.D. Pa. Aug. 6, 2008). However, the District Court rejected all of GCI's other arguments for coverage. *Greenway Center, Inc. v. Essex Ins. Co.* ("*Greenway Center II*"), 369 Fed. Appx. 348, 351 n.4 (3d Cir. Mar. 11, 2010). Essex appealed the District Court's decision, and we concluded that Winco and GCI are distinct and separate entities and

2

thus that the *de facto* merger doctrine does not apply. *Greenway Center II*, 369 Fed.

Appx. at 354. We vacated the District Court's order and remanded the case.

Without conducting further proceedings, as all theories of recovery had been ruled

out, the District Court entered an order finding Essex is not obligated to defend and

indemnify GCI.

GCI filed a timely notice of appeal.

II.

This case was removed to District Court pursuant to 28 U.S.C. § 1441. The

District Court's jurisdiction was based upon diversity because the parties are citizens of

different states and the amount in controversy requirement is met.[1] *See* 28 U.S.C. § 1332.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.

We exercise plenary review over a district court's compliance on remand.

*Delgrosso v. Spang & Co.*, 903 F.2d 234, 240 (3d Cir. 1990). "When an appellate court

directs the district court to act in accordance with the appellate opinion . . . the opinion

becomes part of the mandate and must be considered together with it." *Id.*

---

[1] GCI is a citizen of Pennsylvania. Maione and Willet are both citizens of New Jersey. Essex is a citizen of Delaware and Virginia. The amount in controversy exceeds $75,000.

III.

GCI argues that the District Court erred on remand by declining to allow it to amend its pleadings to sue the correct party. They argue that Pa. R.C.P. No. 1033 allows a party to have its case name amended under the "right party, wrong designation" theory. Pa. R.C.P. No. 1033. While Pennsylvania does allow for the amendment to pleadings to correct the name of a party, it does not allow amendments 'designed to substitute another and distinct party.'" *Tork-Hiis v. Pennsylvania*, 735 A.2d 1256, 1258, 558 Pa. 170, 175 (Pa. 1999). GCI argues that the District Court should have held additional proceedings to allow it to attempt to show that Winco and GCI are "interchangeable corporate entities." (GCI Br. at 18.) The District Court did not hold additional proceedings on that issue; it had already been determined that Winco and GCI are not interchangeable. *Greenway Center II*, 369 Fed. Appx. at 354 ("[W]e cannot conclude that GCI is a continuation of Winco . . . . Since GCI is not Winco's successor, GCI cannot take advantage of Essex's insurance policy on that basis."). As GCI and Winco are distinct and unrelated entities, the District Court did not have to conduct further proceedings to determine whether Pa. R.C.P. No. 1033 applied. The rule does not apply.

IV.

For the reason set forth above, we will affirm the order of the District Court.

4