James A. COGLEY, Appellant

v.

Megan DUNCAN, Kim Paskorz, and
the Butler Eagle, Appellees.

Superior Court of Pennsylvania.

Submitted May 18, 2011.

Filed Nov. 30, 2011.

J.W. Hernandez–Cuebas, Cranberry Township, for appellant.

Kim M. Watterson, Pittsburgh, for Butler Eagle, appellee.

BEFORE: MUSMANNO, BOWES, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

Appellant, James A. Cogley, appeals from the order entered in the Court of Common Pleas of Butler County granting Appellees Megan Duncan, Kim Paskorz, and The Butler Eagle's motion to dismiss upon the pleadings on his claims for libel, slander, and invasion of privacy.[1] We hold that a trial court prothonotary cannot refuse to accept a complaint for filing by relying on an unpublished local "rule." When a trial court prothonotary rejects a complaint improperly, but subsequently accepts a party's complaint for filing, we hold that a party's "admission" to filing a complaint on that subsequent date is not binding. Accordingly, we reverse the portion of the trial court's order dismissing Appellant's claim for libel based on the May 24, 2008 article, affirm the portion of the order dismissing his claims for the May 29, 2008, February 11, Febru-

---

* Former Justice specially assigned to the Superior Court.

1. "Defamation, of which libel, slander, and invasion of privacy are methods, is the tort of detracting from a person's reputation, or injuring a person's character, fame, or reputation, by false and malicious statements." *Joseph v. Scranton Times L.P.,* 959 A.2d 322, 334 (Pa.Super.2008).

ary 14, and April 17, 2009 articles, affirm the portion of the order dismissing all of Appellant's claims for slander and invasion of privacy, and remand for further proceedings limited to the libel claim for the May 24, 2008 article.

On May 24, 2008, Appellee The Butler Eagle, a newspaper, published an article that reported Appellant had been arrested and was under investigation for various crimes. The Butler Eagle published four more articles about Appellant on May 29, 2008, and February 11, February 14, and April 17, 2009.

Appellant, *pro se,* prepared a complaint claiming, *inter alia,* Appellees had libeled him in the May 24, 2008 article. Appellant, *pro se,* attempted to file that complaint with the Butler County Prothonotary on May 26, 2009, which was the last day to file a complaint before the one-year statute of limitations[2] expired on his claims for the first article.[3] The prothonotary, however, refused to accept the complaint because Appellant failed to include a sufficient number of copies for service on each defendant. In returning the complaint to Appellant, the prothonotary did not cite any state or local rule of civil procedure or other authority.

Included in the certified record is a document titled "Re: Return of Document," which the prothonotary attached to Appellant's rejected complaint. This "Re: Return of Document" was time-stamped by the prothonotary on May 26, 2009, at 1:21 p.m. Appellant resubmitted his complaint with the requested number of copies and the prothonotary docketed it on June 3, 2009. The docket itself similarly reflects a complaint filing date of June 3, 2009, and that a document was returned on May 26, 2009.

Appellant, in his subsequent *pro se* and counseled pleadings, acknowledged that the filing date of his complaint was June 3, 2009. In one of his first *pro se* pleadings, Appellant averred, "The instant action was originally filed on June 3, 2009." Appellant's Objections to Appellees' Mot. for Extension of Time, 8/27/09, at 1. Appellant, while represented by counsel, also acknowledged in two pleadings that his complaint was filed on June 3, 2009. Appellant's Resp. to New Matter, 12/10/09, at 2; Appellant's Resp. to Prelim. Objections, 1/21/10, at 2.

■ Because Appellees published four additional articles on May 29, 2008, February 11, February 14, and April 17, 2009, Appellant believed that the doctrine of a continuous tort applied and thus, the one-year statute of limitations did not bar his claims for the May 24, 2008 article.[4] After recognizing the doctrine could not apply,[5] Appellant adopted a new strategy and filed

---

2.  *See* 42 Pa.C.S. § 5523.

3.  The trial court referred to the last date for filing as May 24, 2009. Appellant and Appellees, however, agree that May 26, 2009 was the last date for filing within the statute of limitations due to the fact that May 24, 2009 was a Sunday, and May 25, 2009 was a holiday. *See* 1 Pa.C.S. § 1908; Appellant's Brief at 10; Appellees' Brief at 15–16.

4.  "If the action is for damages resulting from one continuous wrong, the right of action does not accrue and the statute of limitations does not begin to run until there is a cessation of the overt act constituting the wrong." 31 Pa. Law Encyclopedia 2d, Limitation of Actions § 51 (2003).

5.  In Pennsylvania, each publication of an article gives rise to an independent cause of action. *Graham v. Today's Spirit,* 503 Pa. 52, 56–57, 468 A.2d 454, 457 (1983).

an amended complaint on May 7, 2010, raising claims for the four subsequent articles. Appellant's Answer to New Matter, 6/30/10, at 2. As part of this new strategy, Appellant averred his original complaint was filed on May 26, 2009—not June 3, 2009. The one-year statute of limitations for claims related to the final article expired on April 17, 2010, prior to the filing of his amended complaint.

Appellees filed a motion to dismiss upon the pleadings, which the court granted on September 15, 2010. The trial court held, *inter alia*, that Appellant's "claims are barred by the Statute of Limitations pursuant to 42 Pa.C.S.A. § 5523, and that [Appellant's] slander and invasion of privacy claims are insufficiently pled and fail as a matter of law." Order, 9/15/10, at 1. Appellant filed a timely notice of appeal and a timely court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises two issues for our review:

> The court below incorrectly ruled that the original complaint in libel and slander was filed outside the one-year limitation period, insofar as the facts showed that the complaint was filed timely with the prothonotary, who sent it back to [Appellant] to append a copy of the complaint for service by the sheriff.

> The court below utilized the incorrect standard when it granted [Appellees'] motion to dismiss upon the pleadings, as there was a genuine issue of material fact before the court regarding when [Appellant] filed an original complaint in the above matter.

Appellant's Brief at 4. Appellant challenges only the trial court's dismissal of his original complaint, raising claims limited to the May 24, 2008 article.[6]

■ Appellant's argument focuses on the Butler County Prothonotary's alleged error in rejecting his initial complaint for failure to include a sufficient number of copies. Appellant does not address his repeated statements that he filed his complaint on June 3, 2009, after the statute of limitations had expired. Notwithstanding his prior "admissions," Appellant concludes the prothonotary's error provides grounds for reversal.

Appellees respond that Appellant has conceded that the complaint filing date was June 3, 2009. Thus, Appellees insist, Appellant's "admissions" bind him. Appellees conclude that because Appellant is bound by his judicial "admissions," the statute of limitations bars Appellant's complaint. Under these unique facts, we hold Appellant is entitled to relief.

■ The standard of review follows:

> The standard by which a court reviews a request for judgment on the pleadings is limited. A motion for judgment on the pleadings will be granted only where, on the facts averred, the law says with certainty no recovery is possible. As this issue concerns a question of law, our review of the entry of judgment on the pleadings is *de novo*.

> It is fundamental that a judgment on the pleadings should not be entered where there are unknown or disputed issues of fact. The court must treat the

6. Appellant does not challenge the trial court's dismissal of his claims based on the May 29, 2008, and February 11, February 14, and April 17, 2009 articles. Regardless, Appellant raised his claims for libel, slander, and invasion of privacy based on those articles on May 7, 2010. Therefore, the trial court correctly dismissed those claims as time-barred.

motion as if it were a preliminary objection in the nature of a demurrer. In conducting this inquiry, the court should confine its consideration to the pleadings and relevant documents.

*Piehl v. City of Philadelphia,* 604 Pa. 658, 671, 987 A.2d 146, 154 (2009) (citations omitted).

Instantly, we address the import of Appellant's admissions that his complaint was "filed" on June 3, 2009, after the statute of limitations had expired.

Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party. Judicial admissions are deemed true and cannot be contradicted by the admitting party.... Such admissions are considered conclusive in the cause of action in which they are made—and any appeals thereof ...—and the opposing party need not offer further evidence to prove the fact admitted.

For an averment to qualify as a judicial admission, it must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law. The fact must have been unequivocally admitted and not be merely one interpretation of the statement that is purported to be a judicial admission. An admission is not conclusively binding when the statement is indeterminate, inconsistent, or ambiguous. When there is uncertainty surrounding a conceded fact, it is the role of the judge or jury as fact finder to determine which facts have been adequately proved and which must be rejected.

*John B. Conomos, Inc. v. Sun Co.,* 831 A.2d 696, 712–13 (Pa.Super.2003) (citations omitted). This Court reinforced:

The general rule is that admissions of fact in pleadings are admissible, but that the pleader's conclusions of law are not admissions of facts in issue. Whether an allegation is of fact or law is determined by the context disclosing the circumstances and purpose of the allegation. In perhaps the broad sense, the statement that a party is liable to another is a statement of fact, but the same words are in general use as a statement of law, and when intended to be so used[,] the statement may not be treated as an admission of fact.

*Kappe Assocs., Inc. v. Aetna Cas. & Sur. Co.,* 234 Pa.Super. 627, 341 A.2d 516, 519 (1975) (quoting *Srednick v. Sylak,* 343 Pa. 486, 492–93, 23 A.2d 333, 337 (1941)).

With respect to the filing of civil pleadings, Pennsylvania Rule of Civil Procedure 205.2 governs all courts: "No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil procedure or judicial administration, including local Rules 205.2(a) and 205.2(b)." Pa.R.C.P. 205.2. Rule 239.1(a) provides: "A court may impose requirements governing the physical characteristics of pleadings and other legal papers. A court which imposes such requirements must promulgate a local rule, numbered Local Rule 205.2(a), listing those requirements." Pa.R.C.P. 239.1(a). A prothonotary errs if it rejects a complaint that complies with the Pennsylvania rules of civil procedure but does not comply with a local rule of civil procedure. *See* Pa. R.C.P. 205.2. Butler County has not enacted any local rule imposing such requirements.

In *Griffin v. Cent. Sprinkler Corp.,* 823 A.2d 191 (Pa.Super.2003), the plaintiff

mailed a praecipe for a writ of summons that was received by the prothonotary before the statute of limitations expired. *Id.* at 193. This filing complied with the Pennsylvania rules of civil procedure; however, it was not time-stamped until after the statute of limitations expired due to a backlog in the prothonotary. *See id.* at 193–94. The *Griffin* Court held that "under the [Pennsylvania] rules of civil procedure[,] a document is filed when it arrives at the prothonotary's office, regardless of the date the document is time-stamped." *Id.* at 202.

■■■■ A judicial admission must be an admission of fact and not a conclusion of law. *John B. Conomos, Inc.*, 831 A.2d at 713. Only a court may determine whether a party has filed a complaint by interpreting and applying the relevant Pennsylvania rules of civil procedure, statutes, and other legal authority. *See Griffin*, 823 A.2d at 199 (holding, "as a point of law, [a]ppellants' praecipe was filed when it arrived at the prothonotary's office"). The term "file" has a legal meaning. *Id.* at 196. Because it is a question of law, a court cannot ask a fact-finder to resolve whether a complaint has been filed. *See id.* at 199.

Because "file" has a legal meaning, Appellant's "admissions" that he "filed" the complaint on June 3, 2009, are not binding admissions of fact. *See id.* at 196, 199–200; *John B. Conomos, Inc.*, 831 A.2d at 713. Thus, Appellant cannot admit, as a fact, to having "filed" the complaint on June 3, 2009. *See Griffin*, 823 A.2d at 199. Because Appellant's "admissions" pertain to conclusions of law, we examine whether the Butler County Prothonotary erred by not filing Appellant's complaint on May 26, 2009, when it was first received. The Butler County Prothonotary refused to file Appellant's complaint because he did not include a sufficient number of copies to serve all the defendants. Butler County does not have a local rule 205.2 governing the physical characteristics of filings. There is no Butler County local rule requiring a plaintiff to include the same number of copies of the complaint as there are defendants to be served.

Given the unique facts and circumstances of this case, we hold the Butler County Prothonotary erred as a matter of law when it refused to file a pleading that otherwise complied with Pennsylvania and Butler County local rules of civil procedure. *See* Pa.R.C.P. 205.2. We emphatically reject the application of an "unwritten policy" imposing requirements regarding filing in addition to those imposed by the promulgated rules of Pennsylvania and Butler County. As we stated in *Griffin*, as long as the complaint complies with the Pennsylvania rules of civil procedure, the date on which the complaint arrives at the prothonotary's office is the date on which it is filed, regardless of when it is time-stamped. *See Griffin*, 823 A.2d at 202. Therefore, because the Butler County Prothonotary should have accepted Appellant's complaint for filing on May 26, 2009, his claim for libel based on the May 24, 2008 article falls within the statute of limitations.

For these reasons, we hold the trial court committed an error of law by granting in full Appellees' motion to dismiss on the pleadings. *See Piehl*, 604 Pa. at 671, 987 A.2d at 154. Accordingly, the portion of the order of the trial court granting Appellees' motion to dismiss Appellant's claim for libel for the May 24, 2008 article is reversed, the remainder of the order dismissing Appellant's claims for all other

articles is affirmed, and the case is remanded for further proceedings limited to the May 24, 2008 article. We decline to reach the merits of Appellant's second issue.

Order reversed in part and affirmed in part. Case remanded. Jurisdiction relinquished.