J-A03045-25

2025 PA Super 109

| STEVEN SCHEIBE, AND ELIZABETH SCHEIBE, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| | : | No. 1478 EDA 2024 |
| WOODLOCH RESORT, WOODLOCH HOSPITALITY, WOODLOCH MANAGEMENT, LLC, D/B/A WOODLOCH RESORT, WOODLOCH GROUNDS RESORT, D/B/A WOODLOCH RESORT | : | |

Appeal from the Order Entered May 9, 2024
In the Court of Common Pleas of Pike County Civil Division at No(s):
2023-00717

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

OPINION BY LANE, J.:                          **FILED MAY 20, 2025**

Steven Scheibe and Elizabeth Scheibe, husband and wife (collectively "the Scheibes"), appeal from the order granting the motion for judgment on the pleadings filed by Woodloch Resort and its related entities (collectively "Woodloch") and dismissing the action with prejudice based on the filing of the paecipe for writ of summons beyond the statute of limitations.  We vacate the order and remand for further proceedings.

Based on our disposition, a detailed recitation of the factual history underlying this matter is unnecessary.  Briefly, we note that this negligence action arises from events that occurred on July 15, 2021, when the Scheibes were guests at Woodloch's resort in Hawley, Pennsylvania.  While attempting

to use an inflatable structure and waterslide erected for guest use, Mr. Schiebe was injured. The Scheibes retained counsel and thereafter elected to pursue a civil action against Woodloch. On Tuesday, July 11, 2023, six days before the applicable two-year statute of limitations was due to expire on Monday, July 17, 2023,[1] the Scheibes' counsel mailed an electronically signed copy of a praecipe for writ of summons through the United States Postal Service ("USPS") Express, one-day delivery, with tracking from a post office in Blue Bell, Pennsylvania, to the Pike County Prothonotary's Office in Milford, Pennsylvania. The USPS tracking information reflects that the praecipe for writ of summons was delivered to the prothonotary's office at 4:42 p.m. on Wednesday, July 12, 2023. However, the prothonotary's office did not docket the praecipe on Wednesday, July 12, 2023, nor on Thursday, July 13, 2023, nor on Friday, July 14, 2023.

Instead, on the morning of Monday, July 17, 2023, which was the date on which the statute of limitations was set to expire, a clerk from the prothonotary's office called the Scheibes' counsel and stated that the office was refusing to docket the praecipe because it had an electronic signature and

---

[1] The two-year statute of limitations applicable to negligence actions commenced on the date of the accident, July 15, 2021, and would ordinarily be set to expire on July 15, 2023. *See* 42 Pa.C.S.A. § 5524(2). However, because July 15, 2023, fell on a Saturday, the Scheibes had until Monday, July 17, 2023, to commence their negligence action against Woodloch. *See* 1 Pa.C.S.A. § 1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline is extended to the next business day).

lacked an original signature as required by Pike County Local Rule 205.2(a)(1)(iii) (providing that "[a]ll papers filed shall be endorsed with the name, address, telephone number, original signature and I.D. number of the attorney filing it"). Counsel attempted to explain to the prothonotary that the praecipe and cover letter complied with the relevant Pennsylvania Rules of Civil Procedure, and also included counsel's name, address, telephone number, electronic signature, and identification number. However, the prothonotary rejected the praecipe and refused to file it based on its non-conformity to the original signature requirement of local rule 205.2(a)(1)(iii). Counsel then prepared a hand-signed praecipe which he sent via overnight mail on July 17, 2023. The hand-signed praecipe was received by the prothonotary's office on July 18, 2023, the day after the statute of limitations expired. The prothonotary then accepted the document for filing based on its conformity with local rule 205.2(a)(1)(iii). The only difference between the two praecipes mailed by counsel was the signature, one being electronic and the other being hand-signed.

After the pleadings were closed, Woodloch filed a motion for judgment on the pleadings based on the fact that the praecipe for writ of summons was not accepted for filing until July 18, 2023, after the statute of limitations had expired. The trial court conducted a hearing on the motion. On May 9, 2024, the trial court entered an order granting the motion for judgment on the pleadings and dismissing the action with prejudice. Therein, the court stated:

Strict application of the appropriate statute of limitations of two (2) years establishes a deadline to file a suit for injuries sustained on July 15, 2021, on July 15, 2023. The record in this matter reveals that the present matter was commenced by filing of a praecipe for writ of summons filed on July 18, 2023, a total of three (3) days beyond the deadline. We therefore have no choice but to find that the instant matter was not filed within the time prescribed by the applicable statute of limitations . . ..

We note that the [Scheibes] have raised issues regarding acceptance of filings by the prothonotary of Pike County, Pennsylvania, including failure to accept and file documents in accord with the Pennsylvania Rules [of Civil Procedure]. However, this court holds neither authority, nor oversight, over the Office of the Prothonotary of Pike County, Pennsylvania, and the policies and procedures of that office. In strict accord with 42 Pa.C.S.[A.] 5503(a), a matter commences when a document embodying the matter is filed. In this case, the first document embodying the matter was a praecipe for writ of summons filed on July 18, 2023. . . . [This court has] no choice but to find that the praecipe for writ of summons was not timely filed.

Trial Court Order, 5/9/24, at 4-5 (unnecessary capitalization omitted).[2]

The Scheibes filed a motion for reconsideration, which the trial court denied. The Scheibes thereafter filed a timely notice of appeal, and both they and the trial court complied with Rule 1925.

The Scheibes raise the following issues for our review:

1. Whether the trial court erred in determining the applicable statute of limitations in this matter ran on Saturday, July 15,

---

[2] In its Pa.R.A.P. 1925(a) opinion, the trial court amended its reasoning as to the date on which the statute of limitations expired, as follows: "whether we calculated the end date of the statutory period as July 15, 2023[,] or July 17, 2023[,] is irrelevant, as the [Scheibes'] writ of summons was not filed until July 18, 2023, and would have been untimely regardless of which was the operative date." Trial Court Opinion, 7/22/24, at 1 (unnecessary capitalization omitted).

- 4 -

2023, rather than Monday, July 17, 2023, in accordance with 1 Pa.[C.S.A.] § 1908.

2. Whether the trial court erred in concluding that it held "neither authority, nor oversight, over the Office of the Prothonotary for Pike County, Pennsylvania, and the policies and procedures of that office," where the Pennsylvania Rules of Civil Procedure (Rules 205.1, 205.2, and 239) and case law interpreting the same, . . . expressly require the court of common pleas for each county to establish, interpret and enforce the local rules and, relatedly, determine whether such rules conflict with our Rules of Civil Procedure.

3. Whether the trial court erred in applying Pennsylvania Rules of Civil Procedure 76, 205.1, 205.2, and 1023.1, when it concluded that that "the present matter was commenced by filing of a praecipe for a writ of summons filed on July 18, 2023, a total of three (3) days beyond the deadline." Here, the issue is whether the prothonotary had authority to reject [the Scheibes'] first praecipe for writ of summons received on July 12, 2023—days in advance of the statute of limitations deadline—due to non-compliance with a local rule (*i.e.*, the need for a wet-ink signature) where the pleading otherwise conformed to our Rules of Civil Procedure and, more specifically, Rules 76, 205.1, and 1023.1.

Scheibes' Brief at 3-4 (unnecessary capitalization omitted).

Our standard of review of a ruling on a motion for judgment on the pleadings is well-settled:

> The standard by which a court reviews a request for judgment on the pleadings is limited. A motion for judgment on the pleadings will be granted only where, on the facts averred, the law says with certainty no recovery is possible. As this issue concerns a question of law, our review of the entry of judgment on the pleadings is *de novo*.

*Piehl v. City of Philadelphia*, 987 A.2d 146, 154 (Pa. 2009).

Pennsylvania applies a two-year statute of limitations to negligence claims, such as those underlying this action. *See* 42 Pa.C.S.A. § 5524(2).

Thus, the Scheibes may maintain their action against Woodloch if the action was commenced within two years from the date of the accident and alleged injury on July 15, 2021. However, as explained above, whenever the last day of a filing deadline falls on a Saturday, Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation, and the filing deadline will be extended to the next business day. **See** 1 Pa.C.S.A. § 1908; **see also Griffin v. Central Sprinkler Corp.**, 823 A.2d 191, 197 (Pa. Super. 2003) (holding that where the two-year statute of limitations expired on a Sunday, the plaintiff had until the next business day, Monday, to commence the lawsuit). Further, under Pennsylvania law, the filing of a praecipe for a writ of summons to commence an action is sufficient to toll the running of the statute of limitations. **See Devine v. Hutt**, 863 A.2d 1160, 1167 (Pa. Super. 2004).

In their first issue, the Scheibes contend that the trial court erred when it determined that the statute of limitations expired on Saturday, July 15, 2023. The Scheibes argue that pursuant to section 1908, they had until the following Monday, July 17, 2023, to commence their negligence action because the statutory two-year filing deadline fell on a weekend.

Based on our review, we conclude that because the two-year statute of limitations expired on a weekend, here Saturday July 15, 2023, the Scheibes had until Monday, July 17, 2023, to commence their negligence action against Woodloch. **See** 1 Pa.C.S.A. § 1908. A similar situation occurred in **Griffin**,

where the motor vehicle accident at issue in the litigation occurred on April 18, 1997. Pursuant to section 5524(2), the appellants were required to institute their civil action no later than April 18, 1999. However, April 18, 1999, fell on a Sunday. Therefore, pursuant to section 1908, appellants were instead required to commence the action by Monday, April 19, 1999. *See Griffin*, 823 A.2d at 200. Likewise, in this case, because the two-year statute of limitations expired on Saturday, July 15, 2023, the Scheibes had until the next business day, Monday, July 17, 2023, to commence the instant action. Thus, the trial court erred when it determined that the Scheibes were required to file their praecipe for writ of summons by Saturday, July 15, 2023.

We now turn to the Scheibes remaining arguments, which we address together. With respect to the filing of legal documents, Pennsylvania Rule of Civil Procedure 205.1 provides, in relevant part, as follows:

> Any legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary, sheriff or other appropriate officer accompanied by the filing fee, if any. Neither the party nor the party's attorney need appear personally and present such paper to the officer. The signature of an attorney on a paper constitutes a certification of authorization to file it. . . . A paper sent by mail shall not be deemed filed until received by the appropriate officer.

Pa R.C.P. 205.1. There is no requirement in Rule 205.1 that an attorney must provide a handwritten signature on a pleading. *See id*.; *see also* Pa.R.C.P. 1023.1(b) (requiring only that "[e]very pleading, written motion, and other paper directed to the court shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an

- 7 -

attorney, shall be signed by the party"). Indeed, pursuant to Rule 76, a "signature" for purposes of a civil action includes a "computer generated signature" and a "signature created . . . by electronic means" by the signer. Pa.R.C.P. 76.

Further, in interpreting Rule 205.1, the **Griffin** Court observed that it "plainly provides [that] documents mailed to the prothonotary or other office are deemed filed when '**received** by the appropriate officer.'" **Griffin**, 823 A.2d at 197 (emphasis in original). The **Griffin** Court continued, "[c]learly then, under [Rule] 205.1, a document is filed when received by the prothonotary, regardless of when it is later time-stamped." **Id**.[3] This is because the date on which a legal document is time-stamped or actually filed by the prothonotary is not necessarily the date on which it was received by the prothonotary because "there is normally a delay between receipt and time stamping/formal filing . . .." **Id**. As the **Griffin** Court explained: "[a]s a matter of necessity, a document arriving at the prothonotary's office will go

---

[3] In reaching this conclusion, the **Griffin** Court relied in part on **Criss v. Wise**, 781 A.2d 1156 (Pa. 2001), wherein our Supreme Court similarly focused upon **receipt** by the prothonotary's office in determining the time of filing. **See id**. at 1159 (holding that "for an appeal from an arbitration award to be deemed timely filed, the prothonotary of the court where the action is pending **must receive** a notice of appeal within thirty days from the date the prothonotary notes on the docket that the arbitration award has been entered and the parties have been notified of the award") (emphasis in original). In interpreting **Criss**, the **Griffin** Court concluded that, by choosing to place emphasis upon the words "must receive," our Supreme Court "demonstrate[ed] that the controlling factor is receipt, not time-stamping." **Griffin**, 823 A.2d at 198.

unstamped for a variable period of time simply due to the fact that a certain amount of time will pass before the document is 'processed' by employees of the prothonotary's office." *Id*. Indeed, "[t]he period of delay may depend upon a myriad of factors, but can undoubtedly range from minutes, to hours to days, or possibly, in rare situations, weeks." *Id*. Importantly, a litigant has no control over such delays. *See id*.

Based on these variables, the *Griffin* Court concluded that a legal document is deemed to be *received*, and therefore *filed*, when it passes through the doorway of the prothonotary's office, stating:

> Consequently, and employing common understanding to the term "received," from a theoretical viewpoint, [Rule] 205.1 provides that appellants' praecipe for summons must be deemed to have been "filed" the moment that it passed through the doorway of the Montgomery County Prothonotary's Office. The time-stamping of the document is nothing more than a ministerial act following the actual filing of the document.

*Id*. at 198.

In the wake of *Griffin*, this Court has focused on the date of receipt of a document by the prothonotary's office, and determined that date to be the date of filing regardless of when the document is later time-stamped or docketed. *See Nagy v. Best Home Servs.*, 829 A.2d 1166, 1169 (Pa. Super 2003) (applying *Griffin* and holding that the notice of appeal was filed when it was received by the prothonotary within the thirty-day appeal period, notwithstanding the prothonotary's refusal to accept the notice for filing because it was unsigned and did not attach a copy of the judgment); *see also*

*Mariano v. Rhodes*, 270 A.3d 521, 528 (Pa. Super. 2022) (applying *Griffin* and holding that, for purposes of time computation, a document is filed when it was received by the prothonotary, notwithstanding that document's nonconformity with regular procedure); *Cogley v. Duncan*, 32 A.3d 1288, 1293 (Pa. Super. 2011) (holding that, "[a]s we stated in *Griffin*, as long as the complaint complies with the Pennsylvania Rules of Civil Procedure, the date on which the complaint arrives at the prothonotary's office is the date on which it is filed, regardless of when it is time-stamped").

Moreover, pursuant to Rule 205.2, "[n]o pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil procedure or judicial administration . . .."  Pa.R.C.P. 205.2; *see also Mariano*, 270 A.3d at 527 (holding that the prothonotary may not reject a filing based on non-compliance with a local rule when the filing complies with a statewide rule of civil procedure).  Thus, while local courts of common pleas have the power to formulate and adopt their own rules of practice and procedure and to enforce them, *see* Pa.R.C.P. 239, "if [the] local rule conflicts with a statewide rule of procedure, the local rule is invalid."  *Mariano*, 270 A.3d at 527 (citation omitted); *see also Davison v. John W. Harper, Inc.*, 493 A.2d 732, 734-35 (Pa. Super. 1985) (holding that the trial court erred in dismissing post-trial motions because the moving party did not file an accompanying order for transcripts of testimony, in violation of local rule).

- 10 -

Furthermore, while the prothonotary must inspect documents that are sent for filing to ensure they are in the proper form, the power to reject such documents is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum. *See Nagy*, 829 A.2d at 1170. Permitting the prothonotary to reject potentially non-conforming legal documents would "confer on the prothonotary the power to implement the Rules" and make judicial timeliness determinations. *Mariano*, 270 A.3d at 529 (*quoting Nagy*, 829 A.2d at 1170). The prothonotary has no discretion in this matter nor does it act in a judicial capacity. *See Nagy*, 829 A.2d at 1169-70 (citation omitted). Instead, the powers of the prothonotary are "purely ministerial in nature." *Always Busy Consulting, LLC v. Babford & Co.*, 247 A.3d 1033, 1041 (Pa. 2021).[4] A prothonotary exceeds it authority when it rejects a civil pleading filed within

_____

[4] We note that, while our Supreme Court has reaffirmed that a prothonotary's powers are purely ministerial in nature, the High Court has recognized that, in limited circumstances, a prothonotary may reject filings where a rule of procedure empowers them to do so with "narrow language that leaves little or no room for independent action or discretionary review by the office of the prothonotary." *Commonwealth v. Williams*, 106 A.3d 583, 589 n.9 (Pa. 2014). In so stating, the *Williams* Court pointed to Rule 910(c) of the Rules of Appellate Procedure, which directs the prothonotary of the Supreme Court to reject jurisdictional statements filed with that Court that fail to comply with specific formatting guidelines contained in that rule. *See id*.; *see also* Pa.R.A.P. 910(c). However, Rule 910(c) has no bearing on the manner that lower court prothonotaries process a praecipe for writ of summons, as the rule is addressed to the prothonotary of the Supreme Court and pertains only to jurisdictional statements filed with that Court.

time limits, and such rejection does not affect the timeliness of the document. *See id*., 270 A.3d at 530.

The Scheibes contend that the trial court erred by focusing on the date on which the praecipe was filed or docketed, as opposed to the date on which it was received by the prothonotary's office. The Scheibes maintain that the initial praecipe was filed when it was delivered to the prothonotary on the afternoon of Wednesday, July 12, 2023, as confirmed by the USPS documentation. The Scheibes note that the praecipe sat in the prothonotary's office for five days, from Wednesday, July 12, 2023, until Monday, July 17, 2023, with no action by the prothonotary. The Scheibes point out that, on the very day that the statute of limitations was set to expire, the prothonotary finally acknowledged receipt of the praecipe by telephoning counsel to advise him that the office refused to file the praecipe because it did not bear an original signature as required by Pike County Local Rule 205.2(a)(1)(iii). The Scheibes assert that, at a minimum, the praecipe was deemed filed on Monday, July 17, 2023, when the prothonotary verbally acknowledged its receipt of that document. Consequently, the Scheibes argue that the praecipe was timely filed within the statute of limitations.

The Scheibes additionally assert that the prothonotary had no discretion to reject the praecipe for filing. The Scheibes note that the only basis for rejection of that document was the electronic signature. The Scheibes assert that, pursuant to Rule 76, an electronic signature is acceptable. The Scheibes

contend that, because the praecipe complied with the statewide Pennsylvania Rules of Civil Procedure, which do not require an original signature, the prothonotary had no discretion to reject the filing based on its noncompliance with a local rule of court. Thus, the Scheibes argue that the prothonotary was required to accept the praecipe for filing upon its receipt of that document, and the trial court erred by not deeming the praecipe filed as of the date it was received.

Based on our review, we conclude that the praecipe was timely filed upon its receipt by the prothonotary within the statute of limitations. The Scheibes provided the trial court with evidence and documentation to establish that the praecipe was delivered to, and therefore received by the prothonotary, on July 12, 2023. Woodloch does not dispute this fact, and there is no evidence in the record to contradict it. Although the prothonotary did not contact counsel until Monday, July 17, 2023, that phone call confirmed that the prothonotary had, in fact, received the praecipe prior to the expiration of the statute of limitations. Thus, on the record before us, the praecipe was timely filed.

We additionally conclude that the prothonotary had no authority to reject the praecipe for filing on the basis that it lacked an original signature, as required by local rule 205.2(a)(1)(iii). There is no suggestion in this matter that the praecipe failed to comply with any statewide Rule of Civil Procedure. at 1167. **See Griffin**, 823 A.2d at 202 (holding that, as long as the legal

document complies with the Pennsylvania Rules of Civil Procedure, the date on which the document arrives at the prothonotary's office is the date on which it is filed, regardless of when it is time-stamped). Instead, the sole basis for rejection was the lack of an original signature, as required by the local rule. Thus, the prothonotary's rejection of the praecipe was in direction contravention of Rule 205.2, which provides that "[n]o pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil procedure or judicial administration . . . ." Pa.R.C.P. 205.2. While the prothonotary could inspect the praecipe for compliance, and inform the Scheibes of any defect, the prothonotary was still required to accept the praecipe for filing. *See Mariano*, 270 A.3d at 529. Therefore, because the prothonotary should have accepted the praecipe for filing upon its initial receipt of that document within the statute of limitations, we conclude that the trial court erred by determining that the praecipe was not timely filed and by granting Woodloch's motion for judgment on the pleadings on this basis. We therefore vacate the order granting the motion for judgment on the pleadings and remand this matter for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/20/2025</u>