J-A24026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF EQUITY ONE ABS, INC., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2002-1 C/O PHH MORTGAGE CORPORATION | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | No. 1773 MDA 2024 |
| v. | : : : | |
| DIONNE G. & GREGORY G. WERTS | : : | |
| Appellants | : | |

Appeal from the Order Entered November 5, 2024
In the Court of Common Pleas of Clinton County Civil Division at No(s):
904-2021

BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: OCTOBER 23, 2025**

Appellants, Dionne G. and Gregory G. Werts, appeal from the order entered November 5, 2024, in the Clinton County Court of Common Pleas in which the trial court granted summary judgment in favor of Appellees, The Bank of New York Mellon f/k/a The Bank of New York, as successor trustee for JPMorgan Chase Bank, N.A., as trustee for the benefit of the certificate holders of Equity One ABS, Inc., Mortgage Pass-Through Certificates Series 2002-1 c/o PHH Mortgage Corporation.  After careful review, we affirm.

The relevant facts and procedural history are as follows. On July 29, 2021, Appellee filed a complaint in mortgage foreclosure alleging that on April 10, 2001, Appellants delivered a mortgage on the property located at 113 Hyner Run Road, North Bend, Pennsylvania ("Property") to Equity One, Inc. Appellee alleged that Appellants failed to make payment on the mortgage since October 1, 2010, and requested judgment *in rem* for foreclosure on the property.

Briefly, on March 14, 2022, Appellants filed an answer and counterclaim. On April 4, 2022, Appellee filed preliminary objections to Appellants' counterclaim. On August 8, 2022, the trial court partially sustained and partially overruled Appellee's preliminary objections. On September 7, 2022, Appellants filed an amended answer and counterclaim. On September 27, 2022, Appellee filed preliminary objections to Appellants' amended counterclaim.

On August 9, 2023, Appellee filed a motion for summary judgment, but the court dismissed it as premature because it was filed prior to the disposition of Appellee's preliminary objections to Appellants' amended counterclaim. Due to multiple continuances, the court heard argument on the preliminary objections only on December 24, 2023. On January 18, 2024, the trial court sustained Appellee's preliminary objections.

On June 5, 2024, Appellee filed a second motion for summary judgment on the basis that the mortgagors had admitted that they had defaulted on the loan. Appellants argued in opposition that Appellee lacked standing to bring

the underlying foreclosure action and asserted a dispute of material fact concerning whether Appellants had signed the mortgage.

The court held argument on the motion on September 16, 2024. On November 5, 2024, after concluding that Appellee had standing and Appellants had admitted to signing the mortgage in a prior bankruptcy petition filing, the court granted Appellee's second motion for summary judgment and entered judgment *in rem* for foreclosure and sale of the Property.

This timely appeal follows. Appellants filed a court-ordered Rule 1925(b) statement. The trial court filed a Rule 1925(a) opinion directing this Court to its November 5, 2024 opinion in which it had set forth the reasons for granting Appellee's second motion for summary judgment.

Appellants raise the following issues for our review:

1. Whether the trial court committed an error of law [and] abuse of discretion in granting Appellee's second motion for summary judgment despite the fact that Appellee has been unable to demonstrate a clear chain of title for the alleged mortgage at issue from the alleged original creditor to Appellee?

2. Whether the trial court committed an error of law [and] abuse of discretion in granting Appellee's second motion for summary judgment when there is a clear dispute concerning facts material to the Appellee's cause of action, specifically issues concerning whether the Appellants executed the alleged mortgage at issue and a clear issue as to whether the Appellee is the current owner/holder of the alleged mortgage?

Appellants' Br. at 7 (capitalization altered).

"[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." ***Summers***

*v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citation omitted). Appellate courts review a trial court's grant of summary judgment for "an error of law or an abuse of discretion." *Id.* (citation omitted). A trial court's determination of "whether there are no genuine issues as to any material fact presents a question of law." *Id.* (citation omitted). Therefore, "our standard of review is *de novo*." *Id.* (citation omitted). Like the trial court, we view the facts of record and any reasonable inferences in a light most favorable to the non-moving party. *Id.*

As applied specifically to mortgage foreclosure cases, "the mortgage holder is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Gerber v. Piergrossi*, 142 A.3d 854, 859 (Pa. Super. 2016) (internal quotation marks and citation omitted).

Appellants first argue that the trial court erred in granting summary judgment because Appellee lacks standing to institute the underlying foreclosure action. Appellants' Br. at 13-19. Appellants assert that Appellee has not established an unbroken "chain of title" proving the assignment or transfer of the mortgage note to Appellee. *Id.* at 13.

It is well established that it is the holder of a mortgage note that has the authority to enforce the terms of the note. *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 69 (Pa. Super. 2016) (citing 13 Pa.C.S. §§ 3109(a), 3301). Additionally, the mortgagor lacks standing to challenge the chain of

- 4 -

title of the mortgage note among the assignors and holders of the mortgage note. ***Id.***

Here, Appellee, as holder of the mortgage note, has the authority to proceed against Appellant.[1]  Additionally, Appellants lack standing even to challenge the chain of title of the mortgage note and thus, Appellee's authority to enforce the rights that Appellants provided in the mortgage note. Appellants have failed to cite any legal authority providing them with such standing and the case law undisputedly provides that Appellants lack standing to challenge the authority of the holder of the mortgage note to execute on the note.

Appellants next argue that the trial court erred in granting summary judgment because there is a clear dispute of material fact concerning whether Appellants executed the alleged mortgage.  Appellants' Br. at 19-21. Appellants claim that their "position has consistently been that they did not execute a mortgage in this matter, but merely executed a [n]ote concerning the original loan at issue." ***Id.*** at 19.

"Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party.  Judicial admissions are deemed true and cannot be

_____

[1] We further emphasize that the note is specially endorsed to Appellee on the allonge and thus, there is no dispute that Appellee is the authorized holder of the note.  Op. and Order, 11/5/24, at 5.

contradicted by the admitting party." ***Cogley v. Duncan***, 32 A.3d 1288, 1292 (Pa. Super. 2011) (citation omitted).

In this case, the trial court properly found that "[Appellant] Gregory Werts, in filing a Chapter 7 bankruptcy petition in 2003, acknowledged that Equity One held a secured claim on [Appellants'] residence." Op. and Order at 6; Appellee's 2d Mot. for Summ. J., ex. 12.

Appellants, however, ignore this prior judicial admission in their brief and instead deny that they executed the mortgage and point to their own deposition testimony that neither of them signed any documents. ***See*** Appellant's Br. at 19-21.[2] Since Appellants admitted that they provided their residence as security with Equity One, the validity of the mortgage documents is not at issue and the trial court properly rejected Appellants' argument that the validity of the mortgage documents was at issue when it granted Appellee's motion for summary judgment.

Order affirmed.
Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/23/2025</u>

---

[2] We note our displeasure that Appellants, in ignoring their judicial admission, are demonstrating a lack of candor to the Court.